E. H. SEILING v. J. F. GUNDERMAN AND OTHERS.

1. A lease of a house stipulated that, "for the security of the lessor, for the collection of the rent, in the value stipulated, a mortgage lien, with powers of sale in the said lessor, is hereby reserved on all property of said lessees in said buildings, or on said premises, to secure the rent for the term." By a subsequent clause the lessees covenanted that they "hereby mortgage and hypothecate to the said lessor all and singular the furniture, stock, fixtures, and all other property belonging to them in said house or on said premises;" and empowered the lessor to seize and sell the mortgaged effects, to satisfy arrears of the rent. The lessees were a husband and wife,

who executed the instrument as parties, and the latter of whom made the separate acknowledgment prescribed for married women. *Held*, that the "mortgage lien" thus created did not attach to such property as was exempt from execution. And even if specific exempted effects had been designated, it is questioned whether the lien would have attached to them.

2. It was not error to sustain a demurrer to a pleading which was a mere attempt to give a construction to a written instrument, and to explain suppositious ambiguities.

3. The right of action for trespass to property exempted to a bankrupt, in accordance with the Bankrupt Act of the United States, is not in the bankrupt's assignee, but is in the bankrupt himself, notwithstanding the bankruptcy.

APPEAL from Galveston. Tried below before the Hon. George E. Mann.

The following statement of the case, taken from the brief filed for the appellant, supplies all the facts of significance :

This was an action brought by the appellant against John Dillon, J. Frederick Gunderman, and Johanna, his wife, for the recovery of arrearages of rent, and for the foreclosure of a mortgage lien on furniture, stock and fixtures, given to secure the same.

The exhibit, lease and mortgage, attached to the petition, reads: "And for the security of the lessor, for the collection of the rent in the value stipulated, a mortgage lien, with power of sale in the said lessor, is hereby reserved on all property of the said lessees, in said buildings or on said premises, to secure the rent for the term. *      *      *      *      *      *      *

"And to secure to the said lessor the punctual payment of said rent as it matures, and the rent from the term, they hereby mortgage and hypothecate unto the said E. H. Seiling all and singular the furniture, stock, fixtures, and all other property belonging to them in said house, or on said premises, and do hereby vest in

35—XXXV

the said lessor power to take possession at any time, and sell at public auction, in front of the premises, sufficient of said property to satisfy the rent due and unpaid, with expenses of sale ; and that no part of said property shall be removed from said premises until all rent for the term is fully paid and discharged."

The defendants first filed a joint general denial and general demurrer; afterwards, in January, 1869, Gunderman and wife filed a joint amended answer and plea in reconvention. They plead an adjudication in bankruptcy in the United States District Court for the Eastern District of Texas, at Galveston. Also, in reconvention, that the writ of sequestration was wrongfully sued out, and wrongfully levied on said property; "that said wrongful acts of said plaintiff were done for the purpose of injuring these defendants, whose interest in all of said property was worth $500; that said property was all of the household and kitchen furniture owned by these defendants at the time of said levy and sale."

The defendant, John Dillon, at the same time files his amended answer and plea in reconvention, and alleges "his interest in said property to be worth the sum of $——."

January, 1870, plaintiff filed an amendment to his petition, in substance averring, "that the mortgage lien in said lease and mortgage was intended to apply to all property of the defendants that should at any time, during the term of the lease, be in said buildings or upon the rented premises, described in the petition." To which amendment the defendants demurred.

And on the seventh of January, 1870, the cause coming on for trial, the demurrer to the amended petition was sustained and the amendment ordered to be stricken out. And the cause having been submitted to a jury, they returned the following verdict :

" We, the jury, find a verdict for the plaintiff, Earnest H. Seiling, in the sum of $250, and that the plaintiff has a mortgage lien therefor on the property sequestered and sold in this cause."

Upon which the court rendered judgment for the plaintiff against John Dillon for the amount of the debt, and a general decree enforcing the mortgage lien on the property sequestered and sold.

Motion for new trial was made, sustained and ordered.

And at the November term, 1870, the cause coming on again for trial, " the plaintiff excepted *in limine* to the capacity of Gunderman and wife in their own names and persons to prosecute their plea in reconvention, they having heretofore plead their bankruptcy, and not exhibiting to this court any certificate of exemptions from the bankrupt court of the United States."

Which exception being overruled by the court, counsel tendered his bill of exceptions on this point, and the same was allowed, signed, sealed and certified.

The plaintiff asked the court to instruct the jury :
" It is the part of the court to construe the written instrument produced by plaintiff and called a 'lease or mortgage,' and the jury are instructed that the mortgage lien in the paper applies to all property of the lessees described in the paper on the premises rented at any time during term of the lease ; and the jury are to find from the evidence whether the property sequestered and sold in this suit was on the premises or not," which was refused.

The court charged the jury :

2. " If the jury find that the property levied on was on the rented premises at the time it was seized, and was the property of Dillon, they will further find that under the mortgage in the lease the plaintiff has a lien on said property."

3. "If the jury find that the property sequestered belonged to Gunderman and wife, and was their household and kitchen furniture, then they will find, further, a verdict for Gunderman and wife against Seiling for the value of the property, unless the value found exceed five hundred dollars, and in that case for the amount of five hundred dollars, with interest at eight per cent. from the date of the levy."

Thereupon the jury returned a verdict in favor of plaintiff against Dillon for $307.47 ; and that the plaintiff had no lien on the property sequestered and sold, and a verdict for Gunderman and wife against Seiling for $500 and interest. And judgment was rendered in conformity with the verdict, and a new trial refused.

*Robert G. Street*, for the appellant.—The questions that are presented to this court by the exceptions and the overruling of the motion for new trial are:

I. The court erred in sustaining the demurrer to plaintiff's amended petition.

The amended petition sought to lay a foundation for the introduction of parol evidence to point out the subject matter on which it was intended the mortgage should operate, and thus to give effect to the instrument. (Greenleaf on Evidence, Vol. 1, §§ 2 and 6, *et sequitur* and notes ; Ibid, § 301 ; Atkinson's Lessee v. Cummins, 9 How., 484 ; Hughes v. Sandal, 25 Texas, 164.)

And the mortgage of personal property, although to be subsequently acquired, is good against the mortgagor. (1 Parsons on Contracts, 540 ; Jones v. Richardson, 10 Met., 481.)

II. The court erred in overruling the exception of plaintiff to the competency of Gunderman and wife to prosecute their plea in reconvention in their own names.

They had plead their bankruptcy, the case had been dismissed as to them, and they now sought to prose-cute their plea in reconvention in their own names, without producing to the court any evidence of the property having been set aside to them by the United States Court.

It is not necessary to deny here that the bankrupt may, during the pendency of his bankruptcy, prose-cute in the State courts in his own name any cause of action with respect to his exempted property, although arising prior to his adjudication as a bankrupt; but we say, that as a predicate to the exercise of any such right, he must first show that the property with respect to which he seeks to prosecute his action has been de-termined by the competent tribunal (the court in which he was adjudicated bankrupt), to be his exempted property.

They plead their general incapacity to sue or be sued, respecting causes of action arising prior to the adjudication; and that tribunal alone which has granted them this immunity on the one hand, and affected them with this disability on the other, can rehabilitate them with the power to sue in the attitude they claim to occupy here.

It is the exclusive province of the bankrupt court to determine the question of *assets vel non.*

True, exempted property is not assets, but that there may be "an uniform system of bankruptcy through-out the United States," it is essential that there should be but one tribunal to parcel out the goods of the bank-rupt between the creditors and the bankrupt himself.

The matter of Ellis, Bankrupt Register, Volume 1, page 154, was a motion on the part of the bankrupt against the assignee, in the court where the bankruptcy was pending, for the payment over to him of one hun-

dred and forty dollars, proceeds of the sale of exempted property in the hands of assignee. Under a writ of attachment against Ellis, issuing from a State court, the sheriff had levied upon personal property of the defendant exempted by law ; it was sold *pendente lite*, and produced one hundred and forty dollars. Upon proceedings in bankruptcy, commenced within four months, Ellis was adjudged a bankrupt, and upon the appearance and motion of the assignee in the State court, the attachment was set aside, and proceeds of sale paid over to him. The court say : "After the commencement of the proceedings in bankruptcy, the State court ceased to have jurisdiction over the property, and the jurisdiction vested exclusively in this court."

III. The court erred in refusing the charge asked by the plaintiff.

It is the part of the court to construe written instruments, and it is submitted that the charge asked presented the proper construction of the lease and mortgage invoked by the issues in this case.

The court was asked to instruct the jury that the mortgage applied to property described in the paper, belonging to defendants, John Dillon, or Gunderman and wife, or all of them, irrespective of whether it was what is termed exempt property under the statute or not. That is, that personal property exemptions are subject to such liens as may be placed upon them by parties, and that these liens may be enforced through the courts.

In Sampson & Keene v. Williamson, 6 Texas, 116, Lipscomb, J., in considering the question whether a mortgage of the homestead by husband and wife would be enforced by the court, intimates a broad distinction between the homestead and personal property

exemptions, and declares this distinction to be recognized by the Constitution. And the language of the Constitution of 1866, under which the rights of parties in this action accrued, so far as respects the personal property exemptions, is entirely the same as that of 1845, under which the decision was made. This was the original case in which the court refused to enforce a mortgage given by husband and wife on the homestead. And it requires no critical examination to discover that this court was not prepared to extend the application of the principles upon which that cause rests beyond the homestead itself.

With this obvious distinction arising out of the language used in the Constitution of 1845, and afterwards alluded to by the court, nevertheless, in 1866, we find the convention framing a new Constitution and using the same language.

It deserves to be noticed that this is not a mere general waiver of exemptions by the head of a family (as is the customary form of a promissory note in some of the States, "waiving stay, limitation and exemption laws"); but it is a mortgage upon the specific property, duly executed and acknowledged by the husband and wife.

So in Bowman v. Smiley, 31 Pa. St. R., 225: "Notwithstanding the doubts that have sometimes been expressed, it is now generally conceded that the statutory privilege of the exemption of a portion of one's property from levy and sale under execution is one the debtor may waive." (See, also, 11 Harris, 94; 6 Watts, 40; 9 Ind., 196.)

As appears from the record, this was an action for rent, and the property sequestered found on the rented premises. In such cases the statute gives the lien. (Paschal's Digest, Art. 5027.)

IV. The court erred in overruling the motion for new trial.

1. The first ground assigned is but a repetition of the exception to the competency of Gunderman and wife to prosecute in their own names.

2. The second ground specified in the motion raises the question of the capacity of Gunderman and wife to give a valid mortgage upon household and kitchen furniture, already discussed. And in addition, it is submitted that the court erred in assuming that, as a matter of law, any particular household and kitchen furniture belonging to Gunderman and wife would necessarily be exempted. It is submitted that this is not all the evidence requisite; it should affirmatively appear that they have no other household and kitchen furniture of the value of $500. This was the furniture of a "hotel."

3. The fourth and fifth grounds of the motion are, "the verdict is without evidence," and "there is no evidence to support the verdict." This, independent of all else that has been urged, disposes of the entire case. The property sequestered is alleged in the petition to be the property of the original defendants, Dillon, and Gunderman and wife, and in their possession. The return of the sheriff on the writ shows that the property was found in their possession. The evidence of the witness Franklin, who made the levy and return, is but the reiteration of his return indorsed on the writ. This is the entire evidence as to the ownership of the property; nothing but this: "it was in the possession of Dillon, and Gunderman and wife," original defendants.

In the prosecution of their plea in reconvention, Gunderman and wife occupied the attitude of plaintiffs; they claimed the property or its value as theirs, and

held the affirmative of that issue.   Upon them devolved the burden of proving it. (Tuttle v. Buck, 41 Barb., 417.)

But there is no averment whatever by Gunderman and wife of ownership of the property.   The only averment of this character is that contained in their amended answer or plea in reconvention, "their interest in said property is worth the sum of $500."   The averment in the amended answer of Dillon is, "that his interest in said property is worth the sum of $——."

These are the only allegations of ownership—of an undivided interest only.   Yet the record presents not a syllable of evidence as to the character, nature, extent or value of the interest claimed by Gunderman and wife, and therefore is the verdict clearly "without evidence."

We rely with confidence upon the point last presented for a reversal of the cause; but as we apprehend that attitude of the case will not admit of this court now rendering final judgment, we have thought proper to invite the attention of the court to other issues presented by this appeal, that upon a new trial the district court may be advised of the opinion of this court upon them, those issues being necessarily involved in its final determination.

*T. N. Waul*, for the appellee.

WALKER, J.—The appellant brought his action in the court below to enforce a specific lien upon certain household and kitchen furniture, claimed by the defendants as exempt from execution.   It appears that the appellant had leased to John Dillon, J. F. and Johanna Gunderman, the latter two being husband and wife, a certain house and premises in the city of Galveston, to be used by the lessees as a hotel.   The property in con-

troversy was placed in the appellant's building after the execution of the lease. The clause relied on as securing the lien reads as follows:

"And for the security of the lessor, his heirs or assigns, for the collection of the rent in the value stipulated, a mortgage lien, with powers of sale in the said lessor, his heirs or assigns, is hereby reserved on all property of said lessees in said buildings or on said premises, to secure the rent for the term."

There is no specific property named, over which this lien is to operate, but it may have been the intention of the parties that it should operate on all the property placed upon the premises by the lessees during the term. Can we give such force to this lease as to make it a lien on property absolutely exempt by law from execution? Gunderman and wife appear to have been declared bankrupts, and plead their bankruptcy in bar of the action; also claiming that five hundred dollars worth of the personal property, which had been sequestered at the suit of the plaintiff, was exempt under the provisions of the Bankrupt Act of March 2, 1867. They also plead in reconvention, demanding damages. The appellant insists, first, that there was error in the ruling of the court, in sustaining the demurrer to the amended petition. There was certainly no error in this ruling of the court; the amended petition was a mere attempt on the part of the pleader to give a legal construction to the lease, and further to explain ambiguities where there was really no ambiguity.

In the second assignment for error, it is insisted that the court erred in permitting Gunderman and wife to prosecute their suit in reconvention, in their own names. The title of the bankrupt is good against all the world except his assignee, and none but the assignee could have urged this objection. (Smith v. Gordon, 2 N. Y.

Legal Obs., 325; 6 Law Rep., 313; Wise v. Decker, 1 Cr. C. C., 190.)

But could the assignee claim the right to prosecute an action for trespass to the personal property of the bankrupt, which he is bound to set apart under the terms of the bankrupt law, and which does not really pass to the assignee as assets for the use of the creditors? We think not; for what the law requires to be done, it presumes has been done, until the contrary is shown; and the legal presumption which arises in this case is, that the property in controversy was reserved from the fund of assets, and belonged exclusively to Gunderman and wife; and to them belongs the exclusive right to claim and sue for any trespass committed upon it. (See Bankrupt Act of March 2, 1867, § 14; Bankrupt Register, Vol. 1, p. 154.) The third assignment of errors is embraced in the first. The court charged the law of the case, and the charge was quite as favorable to the appellant as it was to the appellees. We think the motion for a new trial was properly overruled. We construe the terms in the lease, "on all property of said lessees in said buildings or on said premises," to have no other binding force or efficacy in law than to cover only such property as is not exempt by law from forced sale. Had the husband and wife joined in a mortgage given over specific property, though the same might be exempt, at their option, from execution and sale, we should still hold the question as open to discussion; but this is not such a case, and the judgment of the district court is affirmed.

AFFIRMED