## J. M. ALEXANDER v. ALEX. HOLT.

(Case No. 940.)

1. INJUNCTION — JURISDICTION.— The county of Anderson v. Kennedy, 58 Tex., 616, which decides that district courts have power to issue writs of injunction in cases in which a court of chancery, under the settled rules of equity, would have power to issue them, and this without reference to the amount in controversy, under the express power given in the constitution, approved and followed.

2. HOMESTEAD EXEMPTIONS.— Crops growing on a rural homestead are exempt from forced sale. The exemption from sale of the homestead itself was to enable the owner to support himself and family, and this object would be defeated if the creditor were permitted to seize and sell the growing crops. Cobbs v. Coleman, 14 Tex., 598, cited and approved.

APPEAL from Walker. Tried below before the Hon. W. D. Wood.

Suit by appellee filed in the district court of Walker county, August 24, 1877, to enjoin the sale of cotton and corn and fodder levied on by a special constable by virtue of an execution issued out of a justice court in that county on a judgment rendered January 6, 1877, in favor of appellant and against appellee, for $35.27, besides interest. A writ of injunction was granted by the district judge. Appellant excepted to the petition because the court had no jurisdiction, and for want of equity, etc. The court overruled the exceptions and rendered judgment perpetuating the injunction.

*J. R. Burnett*, for appellant.

*L. A. Abercrombie*, for appellee, cited art. V, sec. 16, and art. V, sec. 8 of the Constitution; Dearborn v. Philips, 21 Tex., 450.

WILLIE, CHIEF JUSTICE.— The principal question in this case was decided a few days since in The County of Anderson v. Kennedy, and upon the authority of that decision we must necessarily sustain the action of the district judge in granting the temporary injunction, and in perpetuating it upon final hearing.

The grounds upon which the injunction was asked were the exemption of the property seized from execution, and the want of authority in Cole (who assumed to be acting as special constable) to make the levy.

It is unnecessary to consider the last ground, as, in our opinion, the property levied upon was not subject to execution for the debts of the appellee. So far as the corn and fodder were concerned, they were exempt under the law in force at the time, as provisions and

---

---

forage on hand for home consumption, it having been alleged and proved that they were not more than sufficient to reasonably support appellee's family and supply his stock for one year.   Pasch. Dig., art. 6834.

We are of opinion, also, that the crops of corn and cotton growing on the homestead were also exempt, as necessary to its beneficial enjoyment.

Chief Justice Hemphill, in Cobbs v. Coleman, 14 Tex., 598, said that it was " very clear that by these reservations the legislature intended a real substantial benefit. . . That by fair construction the grants in the statute must include not only the subject itself, but everything absolutely essential to its beneficial enjoyment."   The same doctrine is also deducible from Anderson v. McKay, 30 Tex., 186.

The beneficial enjoyment of a rural homestead supposes that the owner may use it for purposes of cultivation and raising upon it the fruits of the earth.   Of this right he would be deprived if creditors are allowed to invade it, and seize his growing crops and subject them to their debts.

The injunction was rightly perpetuated, and the judgment below is affirmed.

AFFIRMED.