Opinion bv
White, P. J.
§ 4 22. Parties; husband and ivife may sue jointly for damages for seizure of exempt property; case stated. An execution issued upon a justice’s judgment in favor of the Wheeler & Wilson Manufacturing Company against *372 B. F. Coyle, and was levied by J. T. Ayres, deputy sheriff, upon eighteen acres of cotton growing in a field, and seven new cotton sacks,— all upon a tract of land owned by Mrs. Coyle, wife of said B. F. Coyle, as her separate property, and occupied by herself and husband as a homestead. This property was pointed out for levy, and was levied upon at the instance and in the presence of J. D. Cunningham, attorney for the plaintiff in said execution, and was subsequently sold under said levy. Coyle and wife instituted this suit in the county court against the sheriff of Kaufman county and Cunningham, for the wrongful seizure and sale of said property, alleging that it was upon the homestead when levied upon, and that said homestead, at the time of said levy, was occupied and used as such by them and their six children; that said property was in law free and exempt from forced sale for debt, and that said cotton crop was necessary for the maintenance of plaintiffs and family for the year next ensuing, and was furthermore necessary for the beneficial use and enjoyment of their said homestead. They prayed damages in the sum of $100 for the wrongful seizure, sale and conversion of the same. The Wheeler & Wilson Manufacturing Company was made a party defendant. Defendant Cunningham claimed that he, acting as an attorney, acting in good faith for his client, was not liable in this action. Defendants also claimed that the property was community property,— liable for community debts, and that it was not exempt from forced sale. The trial resulted in a judgment for plaintiffs for $140, and the county judge filed the conclusions of fact and law upon which he based his judgment. It is claimed that the court erred in overruling defendants’ plea of misjoinder of parties plaintiff, because Mrs. Coyle, one of the plaintiffs, was neither a necessary nor a proper party. When a seizure of property exempt by law from forced sale is made with the purpose and intent of selling it to pay debts, and it is thus sold, husband and wife may join as plaintiffs in an action for dam *373 ages for the wrongful seizure and sale'. [Craddock v. Goodwin, 54 Tex. 578.]
§ 423. Crops; growing upon a homestead are exempt from forced sale. Crops growing upon a rural homestead are exempt from forced sale. “The beneficial enjoyment of a rural homestead supposes that the owner may use it for purposes of cultivation and raising upon it the fruits of the earth. Of this right he would be deprived, if creditors are allowed to invade it, and seize growing crops and subject them to their debts.” [Alexander v. Holt, 59 Tex. 205; W. & W. Con. Rep. § 951.]
§ 424. Liability of an attorney for trespass; rules as - to; joint trespassers. As to the liability of Cunningham, the attorney, for his acts in pointing out and being present when the- property was seized, appellant cites us, amongst other authorities, to Hunt v. Printage, 28 Ga. 297, in which it was held that an attorney does not incur any civil liability for ordering a levy on property, if he acts in good faith and on reasonable cause. But Mr. Freeman, in his work on*Executions, states the rule thus: “Where the plaintiff is present at the levy, or advises or directs it to be made, he is a co-trespasser with the offi-' cer. It is conceded that in a case of joint trespass the party injured may sue one or all of the trespassers, and each one will be liable for the whole damages, but a satisfaction made by one of them will discharge all. This rule applies to an xmauthorized levy. All pex-soxxs, whether parties at interest or not, who participate in the levy, are trespassers. . . . All who direct, request or advise an act to be done which is wrongful, are' themselves wrong- doers, and responsible for all damages. In general, all who aid or abet the commission of a trespass are liable jointly or severally at the election of the party entitled to the action. But where one acts only in the execution of the duties of his calling or profession, and does not go beyond it, and does not actually participate in the trespass, he is not liable, though -what he does may *374 aid another in its commission. Hence an attorney who directed a levy and executed an indemnity bond in behalf of his clients, and in pursuance of express instructions received from them, was adjudged not to be a co-trespasser with them.” [§ 273.] In the case before us, the defendant Cunningham went with the officer and pointed out, and was present when the property was seized, and was also present when it was sold, and was himself the purchaser of the cotton sacks. His acts make him a joint trespasser and hable as such.
November 12, 1884.
Affirmed.