Opinion by
White, P. J.
§ 458. Jurisdiction of county court; amount in controversy; when fraudulent attempt to confer jurisdiction is alleged, the record must present evidence in support of such allegation. Ross, as sheriff, by virtue of an execution against McGuffin, levied upon and took possession of a lot of oats in the shock, belonging to McGuffin, and which had been grown upon McGuffin’s homestead, and were upon said homestead at the time of said seizure. *404 McGuffin brought this suit against Ross*to recover said oats, or the alleged value thereof, and also to recover $300 damages for the wrongful seizure of the same, alleging that said oats were necessary for the enjoyment and beneficial use of his homestead, etc. Appellant pleaded to the jurisdiction of the county court, alleging that the real amount in controversy was only $50, the alleged value of the oats, and that the claim of plaintiff of $300 damages was a fraudulent attempt by said plaintiff to confer jurisdiction upon said court improperly. Held, the amount claimed in plaintiff’s petition is the amount in controversy, and is within the jurisdiction of the court, and there is no evidence of a fraudulent or improper attempt to give jurisdiction, apparent upon the face of the petition, or shown by the record. The court did not err in overruling the plea to the jurisdiction.
§ 459. Interest; judgment for. The judgment was in appellee’s favor for $50, together with legal interest thereon from the date of said judgment. This was not error, notwithstanding there was no prayer in 'appellee’s petition for interest. The judgment would bear legal interest from its date without any recital therein to that effect. Appellant could avoid the accrual of interest by promptly paying the judgment.
§ 460. Conversion of property; sufficient allegations of, in petition. It was alleged in the petition that the property seized by appellant was exempt from levy and forced sale, and that appellant “unlawfully took possession of said oats, and deprived plaintiff of the use and enjoyment of the same.” This was sufficient. “Every unlawful taking is a conversion.” It was not necessary, under the circumstances, to allege a demand and refusal. [W. & W. Con. Rep. §§ 249, 250.]
§ 461. Crops are exempt property, when; when exempt, it is unlawful to seize them under execution. Crops grown upon' the homestead, and necessary to its beneficial use and enjoyment, are exempt from forced sale. [Alexander v. Holt, 59 Tex. 205.] If exempt, it is un *405 lawful to seize and sell them under execution, and if so seized by an officer, he is liable for their conversion.
November 26, 1884.
Affirmed.