## KATE T. KUTTNER
### v.
## CHARLES H. HAINES ET AL.

*Landlord and Tenant—Ground Lease—Conditions—Lien for Rent—Homestead—Bill of Review—Practice.*

1. A homestead will not attach to a building alone, unaccompanied by any interest in the land.

2. As against the landlord, a tenant has no homestead in premises after a given term expires.

3. In proceedings touching a landlord's lien for ground rent and taxes upon certain buildings conceded to be chattel property, this court holds that the terms of sale thereof were within the discretion of the court, and declines to interfere with the decree.

[Opinion filed February 12, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. RUFUS KING, for appellant.

Mr. S. WHIPPLE GEHR, for appellees.

GARY, P. J.   The appellant filed in the Superior Court a bill of review, and obtained an interlocutory injunction, which the court afterward dissolved, and then the complainant asked the court to dismiss her bill if the court was of opinion that it showed no equity, and the court being of that opinion, dismissed it.   From that decree this appeal is taken.

It is unnecessary to consider the many points raised by the briefs on the subject of bills of review, as, in this case, the answer to any bill of review of the former decree is, that there is no error in it.

The appellant was the tenant, by ground lease, of the appellee Haines.   The leases contained provisions for payment of rent, taxes and assessments by the lessee; that if she did not pay taxes or assessments the lessor might pay them and add them to the rent; that the buildings and improvements should be no part of the realty, but be and remain chattel property; that the rent should be a first lien upon them; and stringent provisions for a sale on default, by giving ten days notice.

The terms expired May 1, 1888.   The rent and taxes fell behind in 1886 and 1887, and on the 30th of March, 1888, the appellee Haines filed his bill to foreclose his lien upon the buildings.

Such proceedings were had that after the report of a master as to the amount due, a decree was entered July 6, 1888, for a sale of the buildings, at the court house door, on ten days notice, unless payment was made in two days.

The leases having expired more than two months before that decree was entered, the utmost right the appellant could have had to the buildings was the right, by immediate payment of the claim upon them, to remove them from the premises.   Her claim of a homestead is fully answered by Brown v. Keller, 32 Ill. 151.

Against the landlord a tenant has no homestead in the premises after the term expires, nor will a homestead attach to a building alone, accompanied by no interest in the land. The terms of the sale were, in the discretion of the court, regulated by no statute, and, in fixing them, it was proper for the court to take into consideration the situation of the parties.

The buildings were upon his property, which she was detaining without right. Until her claims were disposed of he was kept out of the enjoyment of his property, without recompense. She might have prevented the sale by performing the duty she had long neglected. On execution against her at any time during five years next preceding the decree, her interest in the premises might have been sold without redemption on ten days notice. Sec. 3, Chap. 77, R. S.

The buildings were, in their nature, part of the realty, and could not be removed by an officer, and whether they could be sold to better advantage on the premises or at the court house, was a matter of opinion for the court to exercise its judgment upon.

Probably, in the nature of things, it could make no difference, for the situation of the property was such as not to attract competition.

There was no error in dismissing the bill, and the decree is affirmed.                              *Decree affirmed.*