## Ruth Westcott Vincent, Admx., v. Soper Lumber Company.

### Gen. No. 11,056.

1. OWNERSHIP OF VESSEL—*what competent to prove.* A copy of the last enrollment of a vessel, duly certified by the collector of customs, is competent evidence to establish *prima facie* the ownership of such vessel. (Merchants Navigation Co. v. Amsden, 35 Ill. App. 307, followed.)

2. ADMISSIONS—*who may bind corporation by.* When an officer of a corporation, while acting within the scope of his authority makes an admission, the corporation is bound thereby.

3. ADMISSIONS—*who may bind corporation by.* • Generally, a corporation is not bound by the declarations of its vice-president, but, in the absence of the president and while acting in his stead in the business of the corporation, such officer may and can bind the corporation.

4. ADMISSIONS—*what does not destroy competency of, to bind corporation.* The mere fact that an officer does not make the admissions sought to be proved in the presence of the plaintiff, or in the presence of one speaking for the plaintiff, is immaterial so far as their competency as against the corporation is concerned.

5. OWNERSHIP—*effect of proof of, as tending to show control.* Where a *prima facie* case of ownership of a vessel is established, it at least shifts the burden of proof to show that such vessel was not under the control of the persons so established *prima facie* as owners.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed April 11, 1904.

**Statement by the Court.** Plaintiff in error brought suit against defendant in error for negligently causing the death of her intestate. It appears that June 27, 1898, the deceased was engaged in shoveling coal on a barge lying in the Chicago river. The coal was taken from the dock and deposited in the barge by means of a steam derrick. The two-ton coal bucket when filled was swung by the derrick from the dock over the barge and then its contents were dumped. As each filled bucket came over to the barge the deceased had to watch its course and position in order to avoid personal injury. At the time of the accident he was standing on the rail of the barge looking at the bucket

which was coming near him. At this moment the steam barge "Albert Soper" struck the coal barge at an angle of about forty-five degrees. The shock was so great that the deceased, who was facing from the moving vessel, was thrown into the river and drowned. The accident occurred in the day time. There was nothing to prevent those in charge of the "Albert Soper" from seeing the deceased as he stood on the rail of the coal barge.

In order to prove that the defendant was operating the "Albert Soper," or that the persons having it in charge were employed by the defendant, plaintiff offered a certified copy of the "last and current certificate" of enrollment of the "Albert Soper," filed in the office of the collector of customs for the district which includes the city of Chicago. The certificate, under the hand and official seal of the deputy collector of customs, is dated April 2, 1902. Such enrollments are required by the United States statutes. By this copy it appears that April 30, 1895, Alexander C. Soper, the president of the company, swore that the defendant then owned 85-120ths, Howard E. Perry owned 15-120ths, and he, Alexander C. Soper, owned 20-120ths of the "Albert Soper." When offered, upon objection being made, the learned trial judge ruled this certificate out; but before final action by the court, it was admitted in evidence.

To further establish this contention the plaintiff called C. W. Hinckley, the treasurer of the defendant, who testified that he had a conversation with the vice-president of the defendant "as to who owned this boat in 1898, at the office of the company. The president of the company was away at this time." Whereupon the following colloquy was had :

" The Court: Any admission of the officers of the corporation authorized to speak for it to the plaintiffs or anybody speaking for them, would be an admission that would be binding or competent, but the admissions or statements of an officer of the corporation to some third party, not a party to the suit or representing them in any way, would not be admissible in evidence.

Vincent v. Soper Lumber Co.

Mr. Tone: Q. Where was it this conversation took place?

Mr. Clark: I think we have been over that enough.

The Court: Objection sustained.

Mr. Tone: I want to show it was in the office.

The Court: You are simply trying to show how annoying— how much time you can spend over nothing.

Mr. Tone: I don't think this witness stated where this conversation took place.

Yes, he did.

Q. Was this at a directors' meeting that this conversation took place?

Mr. Clark: I object.

The Court: Sustained.

Mr. Tone: Exception.

Mr. Tone: Q. Was it where anything was discussed in reference to —

The Court: I won't let you ask any more questions. It is evident you are doing it simply to kill time.

Mr. Tone: I take an exception to that.

The Court: Exception to each one, but in the future see that you don't do that. What next? You cannot ask any more questions on that line; have I made myself plain?

Mr. Tone: I will stop and take an exception to the court's ruling."

Thereupon the court instructed the jury in writing to find the defendant not guilty; and judgment was rendered upon the verdict. To reverse this judgment the present appeal was perfected.

DAVID K. TONE and CHARLES E. COLLINS, for plaintiff in error.

SMILEY & CLARK, for defendant in error; JAMES S. HANDY and THOMAS C. CLARK, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

*First.* In Merchants Navigation Co. v. Amsden, 35 Ill. App. 307, this court held that a copy of the last enrollment

of a vessel, and of a bill of sale of the same, duly certified by
a collector of customs, are competent evidence to establish
*prima facie* the ownership of such vessel.   The question of
the admissibility in evidence of the enrollment of the " Al-
bert Soper " is not before us, since the court finally admit-
ted it; but in directing the jury to find a verdict for the
defendant, the trial judge held this evidence did not tend
to prove that the defendant was the owner of the vessel.
This was error.

  *Second.*   When an officer of a corporation, while acting
within the scope of his authority and in the performance
of his corporate duties, makes an admission, the corpora-
tion is bound thereby.   It is true that generally a corpora-
tion is not bound by the declarations of its vice-president;
but in the absence of the president, and while acting in his
stead, in the business of the corporation, such officer may
and can bind the corporation.   The reason assigned by the
court for rejecting the evidence of the witness Hinckley,
namely, that such admission was not made in the presence
of the plaintiff or to any one speaking for her, is not a good
one.   The presence or absence of the plaintiff or of her
representative is immaterial.   Counsel for plaintiff was shut
off from a proper and full examination of this witness.
The question as to whether or not the conversation took
place at a meeting of the directors of the defendant, should
have been answered.   *Non constat*, it was had at such a
meeting, which was called to discuss this accident, at which
the vice-president was in the chair representing the cor-
poration, and in which the plan of defense was talked over
and the means therefor were provided.   If these things had
appeared, (and we cannot say they would not,) and in the
course of the proceedings the chairman had said the defend-
ant owned the " Albert Soper," such admission would be
competent evidence tending to show ownership.

  *Third.*   It is said by defendant in error that if it be
proved or admitted defendant owned the " Albert Soper "
at the time of the accident, this is not sufficient to make
the corporation liable.   Usually the man who owns a car-

riage or a vessel uses it, or controls those who use it. The cases in which he does not are outside of the general rule. Hence, evidence of ownership ought to shift and does shift the burden of proof. "Ships are most commonly in the employment of the owners, and consequently proof of ownership is evidence tending to prove that the persons proved to be the owners of the ship are employers of those having actual custody of the ship; and the register being evidence to the title of the ship, is, I think, evidence that the registered owners are in possession and employ those having the actual custody." Hibbs v. Ross, L. R. 1 Q. B. 534.

For the errors indicated, the judgment of the Circuit Court is reversed, and the cause is remanded.

*Reversed and remanded.*