## STRATTON v. ERMIS.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1920.)

No. 3479.

1. **Bankruptcy ⬥396 (5)—Crops on homestead exempt.**
   Under the law of Texas that unsevered crops on land embraced in a rural homestead, exempt under the state Constitution, are included in the exemption, such crops do not pass to the trustee in bankruptcy of the owner of the homestead, under Bankruptcy Act, § 70a (Comp. St. § 9654).

2. **Bankruptcy ⬥396 (1)—Property not subject to be taken under process is "exempt."**
   Property not subject to be taken under process for enforcement of a demand is "exempt," within the meaning of Bankruptcy Act, § 70a (Comp. St. § 9654), under which exempt property of a bankrupt is excluded from the operation of the provision vesting the trustee with title.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Exempt.]

Petition to Superintend and Revise an order of the District Court of the United States for the Western District of Texas; Duval West, Judge.

In the matter of J. P. Ermis, bankrupt. Petition by S. E. Stratton, trustee, to revise order of District Court. Petition denied.

J. Walter Cocke, of Waco, Tex., and M. G. Cox, of Cameron, Tex., for petitioner.

W. A. Morrison, of Cameron, Tex., for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The petitioner challenges the correctness of the court's ruling that the practically matured, but ungathered, cotton crop, which was on land embraced in the bankrupt's exempt homestead at the time his voluntary petition was filed on August 27, 1919, was included as part of such exemption.

[1] By express exception exempt property of a bankrupt is excluded from the operation of the provision giving to the appointment and qualification of a trustee of the estate of the bankrupt the effect of vesting such trustee with the title of the bankrupt to property. Bankruptcy Act, § 70a (Comp. St. § 9654). The rights of a bankrupt to property as exempt are those given by the state statutes, as construed by the courts of the state. Smalley v. Langenour, 196 U. S. 93, 25 Sup. Ct. 216, 49 L. Ed. 400; Eaton v. Boston Trust Co., 240 U. S. 427, 36 Sup. Ct. 391, 60 L. Ed. 723, Ann. Cas. 1918D, 90.

[2] Controlling Texas decisions are to the effect that unsevered crops on land embraced in a rural homestead, which is made exempt by the Constitution of Texas (article 16), are included in such exemption. Alexander v. Holt, 59 Tex. 205; Coates v. Caldwell, 71 Tex. 19, 8 S. W. 922, 10 Am. St. Rep. 725; Pate v. Vardeman (Tex. Civ. App.) 141 S. W. 317. The opinions rendered in the just cited cases show that the exclusion of such unsevered crops from the exemption is considered to be incompatible with the exclusive use and beneficial enjoyment of the land itself to which the exemption entitles the owner. Above-cited Texas decisions, and others referred to in argument, evidence the existence of a settled rule that unsevered crops on homestead land are not subject to be taken under process for the enforcement of a demand to the satisfaction of which the land itself could not be subjected. Property not subject to be so taken is exempt within the meaning of section 70a of the Bankruptcy Act. Smalley v. Langenour, supra.

The court did not err in making the ruling complained of. The petition is denied.