### In re SIMPSON.

(District Court, N. D. Texas, at Dallas. · May 15, 1924.)

#### No. 2041.

Bankruptcy ☞396(5)—Under the law of Texas, a bankrupt held entitled to "business homestead" in leasehold property.

Under Const. Tex. art. 16, § 51, exempting to a debtor as a business homestead the place where he exercises his calling or business, as construed by the courts of the state, a bankrupt, who was a druggist carrying on his business in a building which he held under a lease for two years, *held* entitled to exemption of his leasehold interest in such building as his "business homestead."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Business Homestead.]

In Bankruptcy. In the matter of George Baker Simpson, bankrupt. On review of order of referee. Reversed, with directions.

Walker & Baker, of Cleburne, Tex., for bankrupt.

MEEK, District Judge. George Baker Simpson was adjudicated a bankrupt on the 12th day of February, 1924. He with his family reside at Rice, Tex. He is a druggist by occupation. He carried on this business in a building at Rice which he leased from the owner. ' He had been doing business there for some years, and at the date of his bankruptcy he was occupying the premises under a two-year lease, which began on the 1st day of January, 1924. He paid $35 per month for the building. The landlord filed a disclaimer against the estate for the lien, and expressed her willingness to release the estate, further than rent for the time the premises were occupied by the trustee in bankruptcy.

The bankrupt has no other business homestead. At the meeting held by the referee it was shown the bankrupt would be able to go back into business as a druggist as soon as the leased building was emptied, if the trustee turned it over to him. The bankrupt claimed the leased premises as exempt to him in his schedules. The referee ruled against the claimed exemption of the leased premises, and held the trustee had a right to sell the lease for the current year as an asset of the estate of the bankrupt, inasmuch as the landlord had a right to demand the rent for the current year under the Texas statutes.

The trustee took possession of the leased premises and sold the equity in the lease for the sum of $135, the purchaser to pay the rental dur-

ing the remainder of the year at $35 per month. The lease was purchased with notice of contest made by the bankrupt that the property was exempt to him as his business homestead. The referee finds that all the facts necessary to fix the status of an exemption in a business homestead were present, had the property which was claimed as exempt been real estate owned by the bankrupt. It is simply a question of law present here as to whether this bankrupt has the right to claim as exempt to him these leased premises.

The Texas law creating and controlling business homestead (article 16, § 51, of the Constitution of Texas) is as follows:

"*Homestead Defined.* The homestead not in a town or city shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or villarge shall consist of lot or lots, not to exceed in value five thousand dollars at the time of their designation as the homestead, without reference to the value of any improvements thereon: Provided that the same shall be used for the purpose of a home, or as a place to exercise the calling or business of the head of a family: Provided, also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

The building here was the place where the bankrupt exercised his calling as a druggist, and the courts of Texas have uniformly held the right of homestead exists in a leasehold estate for a year or more. Wheatley v. Griffin, 60 Tex. 209. See Ellis v. Bingham (Tex. Civ. App.) 150 S. W. 602.

The Court of Civil Appeals of Texas, on May 4, 1922, in First National Bank of Kaufman v. Dismukes, 241 S. W. 199, ruled upon a practically parallel case so far as the question of business homestead is present here. That court affirmed the action of the trial court, which had held that a man who was the head of a family had leased a strip of ground on the right of way of the Texas Midland Railway Company and erected a building on this ground in which building he had an office and carried on the calling of a commission merchant, buying and selling of grain products, produce, and poultry, had the right to this strip of ground and building thereon as his business homestead, and therefore entitled to the relief he as plaintiff sought in that case. I will not further review the facts of that case. In the course of its opinion the appellate court comments upon the law as follows:

"Hence, giving effect to the plain intent of the Homestead Act, any possessory interest in a lot or lots, the fee-simple title not being required to support it, coupled with the requisite occupancy by the husband and his family, is sufficient to support a homestead claim. Consequently, if any possessory interest in the lot or lots less than the fee-simple title is sufficient to entitle a claimant to the benefits of the provisions of the Homestead Act, it follows logically that the homestead right and privilege attaches to a tenement or building, coupled with the requisite occupancy, erected upon leased or rented premises. Cullers v. James, supra; Low v. Tandy, 70 Tex. 745, 8 S. W. 620; Phillips v. Warner (Tex. Sup.) 16 S. W. 423; Brewing Ass'n v. Smith (Tex. Civ. App.) 26 S. W. 94; Ellis v. Bingham (Tex. Civ. App.) 150 S. W. 602."

A leasehold interest in land, together with a dwelling house constructed upon the land and occupied by a man and his family, is exempt to him by the statute law of most of the states, and the courts of

the states are uniformly liberal in the construction they place upon the statutes creating homestead rights. White v. Danforth, 122 Iowa, 403, 98 N. W. 136; Bailey v. Dunlap Co., 138 Ala. 415, 35 South. 451; Hogan v. Manners, 23 Kan. 551, 33 Am. Rep. 199; Beranek v. Beranek, 113 Wis. 272, 89 N. W. 146; Conkling v. Foster, 57 Ill. 504; In re Emerson, 58 Minn. 450, 60 N. W. 23; King v. Sturges, 56 Miss. 606; Wike v. Garner, 179 Ill. 257, 53 N. E. 613, 70 Am. St. Rep. 102; Zehr v. May, 67 Okl. 97, 169 Pac. 1077, L. R. A. 1918C, 433; In re Irving (D. C.) 220 Fed. 969.

None of the states have more liberal constitutional or statute law creating homestead rights than the state of Texas, nor do the courts of any of the states give a more liberal construction to the provisions of their homestead laws than do the courts of Texas. Our Constitution exempts to the head of the family, not only a home, but also a place to exercise the calling or business of the head of the family. The courts have been liberal in their construction of this provision, exempting the place where the head of the family carries on his business.

"It is contended that the homestead under the Constitution cannot embrace personal property. The exemption is in terms of lots or acres of land, but the object was to secure to the family a home. House is necessarily embraced in the word 'homestead.' Franklin v. Coffee, 18 Tex. 417, 70 Am. Dec. 292. If the head of a family owns a house, and no interest or estate in the land on which it stands, the house is a chattel. If he occupies it with his family, it is their home. He may be compelled to move it from one lot to another as fast as legal process can oust him, still, though ambulatory, unsatisfactory, and in all its appointments mean, though it advertises the thriftless poverty of its proprietors, and is a caricature of the princely possibility of the exemption laws, it is the home of a family, and is embraced in the spirit and purpose, if not the letter, of the Constitution. The same principles under our present Constitution must be applied to the place of business of the head of a family. To give effect to the object of the law, the dwelling house and the gin house must be held to have been improperly seized under the plaintiffs' writ." Cullers & Henry v. James, 66 Tex. 494, 1 S. W. 314.

Under our Texas Constitution and the controlling opinions of our courts, giving the head of a family a homestead exemption of a place to exercise his calling or business, it would not be necessary to show that the business homestead was used for the purpose of a home before it would be exempt to him. Under our Constitution as quoted above and the controlling opinions of our Texas courts, I hold the building in which the bankrupt carried on the business of a druggist in the town of Rice was his business homestead, and therefore exempt to him, and is excluded from the operation of the provisions of the Bankruptcy Act, giving to the appointment and qualification of a trustee of a bankruptcy estate the title of the bankrupt to this property as it was in the bankrupt under this lease.

An abstract and definite statement of the rule applicable here is given by Judge Walker in the case of Stratton v. Ermis (C. C. A.) 268 Fed. 533, as follows:

"By express exception exempt property of a bankrupt is excluded from the operation of the provision giving to the appointment and qualification of a trustee of the estate of the bankrupt the effect of vesting such trustee with the title of the bankrupt to property. Bankruptcy Act, § 70a (Comp. St. §

9654). The rights of a bankrupt to property as exempt are those given by the state statutes, as construed by the courts of the state. Smalley v. Langenour, 196 U. S. 93, 25 Sup. Ct. 216, 49 L. Ed. 400; Eaton v. Boston Trust Co., 240 U. S. 427, 36 Sup. Ct. 391, 60 L. Ed. 723, Ann. Cas. 1918D, 90."

The referee fell into error in holding that the trustee took the title to the lease to this building as an asset of the estate, and I direct the trustee to arrange to turn back this building at Rice to the bankrupt, and the trustee will be taxed with the costs of this review.