MILLER, Adm'r, v. FARMERS STATE BANK OF TEMPLE.

No. 19184. Opinion Filed June 25, 1929.

Dudley B. Madden and Walter Hubbell, for plaintiff in error.

J. C. Norman and Marion J. Northcutt, for defendant in error.

TEEHEE, C. Appellant, J. W. Miller, administrator of the estate of I. A. Miller, deceased, applied to the county court of Cotton county to have exempted from administration and set aside as a homestead for the use and benefit of the three minor children of decedent, a leasehold on certain school lands of the state of Oklahoma, described as the northeast quarter (N. E. ¼) of section 16 (16), township four (4) south, range ten (10) west of the Indian base and meridian, and all improvements thereon, situated in said Cotton county, of which leasehold the said I. A. Miller died seized. The improvements on the land described consisted of a dwelling house, barn, and other outhouses, three miles of fencing, well, with 110 acres of the land in a state of tillage. The exact term of the lease is not stated. The ages of the children are given as 17, 14, and 12 years, respectively.

To this application, appellee, Farmers State Bank of Temple, a creditor of the estate, filed its protest and objections predicated on the grounds that the leasehold interest in and to the real property described was for a term of more than two years, and that the same was personalty of the estate, and thus was assets not subject to exemption from administration and to be thus set aside as a homestead for said minor children.

Upon hearing of the cause, the county court granted the application, from which order and judgment appellee appealed to the

district court of Cotton county. By stipulation of the parties, it was agreed that in that court "the only question to be submitted to the court shall be whether or not homestead rights attach to a leasehold upon school lands."

Upon hearing of the appeal, the district court found "that the said above described property is a leasehold estate, the fee simple being in the state of Oklahoma, known as a school land lease, and was occupied at the time of the death of the deceased by his family as a place of residence; that as such it is personal property, and assets in the hands of the administrator and subject to the debts of the said I. A. Miller, deceased, and is not exempt; that being personal property and subject as aforesaid to the debts of the said I. A. Miller, deceased, it cannot legally be set apart as a homestead for the minor children of the said I. A. Miller, deceased," and thereupon the court rendered judgment in denial of the application, vacated the order of exemption of the leasehold as homestead property, and adjudged the same to be assets of the estate and subject to administration and to be applied to the debts of said decedent. To reverse this judgment appellant brings the cause to this court.

Thus is presented for our determination the single question of whether or not homestead rights attach to a leasehold upon school lands of the state.

It is clear from the findings above set out that the district court proceeded on the theory that, in order for a homestead claimant to be brought within the protection of the homestead laws of the state, it is essential that the homestead right be supported by a present interest of the claimant in the land itself as distinguished from the mere right of possession and the resultant occupation thereof by a lessee for the term of a leasehold.

If the homestead provisions of law be given a strict construction, the judgment complained of seemingly would appear to have legal support, for by section 1 of article 12 of the state Constitution, and section 6597, C. O. S. 1921, in so far as the same are here relevant, it is proivded:

"The homestead of any family in this state, not within any city or town, shall consist of not more than 160 acres of land, which may be in one or more parcels, to be selected by the owner."

We have said that a homestead as thus described "means that tract of land which, being within the statutory limitations as to quantity and value, is owned and occupied as a homestead." Finerty v. First National Bank, 92 Okla. 102, 218 Pac. 859. We have also said that "a homestead is the land itself and not the buildings thereon," and that "the homestead right is the right to occupy and live upon the lands, rather than the right to occupy and live in the buildings thereon." In re Gardner's Estate, 122 Okla. 26, 250 Pac. 490. It is to be observed that the leasehold involved at bar does not exceed in quantity that fixed by law, the same being 160 acres. Of the character and quality of a leasehold, we have said that it "is a chattel real," and that "a chattel real is personalty." Duff v. Keaton, 33 Okla. 92, 124 Pac. 291. In support of the judgment, on this description of a homestead and these adjudications by this court, appellee mainly relies, his contention in effect being that the homestead right must rest in ownership of the title to the land occupied.

As against the theory on which the trial court grounded its judgment, appellant contends that the rule that a leasehold estate is sufficient to support a homestead right in the land occupied being a well-established principle of law, it is decisive of the cause at bar in his favor, for which reason the judgment of the district court is erroneous. In support of this contention, appellant cites 15 Ency. of Law, 559, 21 Cyc. 504, 13 R. C. L. 570, and many of the cases there collated in which the rule has been applied.

The leasehold doctrine, if we may so term it, is expressed in 15 Ency. of Law, 559, as follows:

"By express statutory provision in some states a person owning and occupying a dwelling and other improvements on land of which he is rightfully in possession under a lease for a term of years may claim the premises as his homestead. And according to the better opinion, even in the absence of such expressed provision, a leasehold estate is sufficient to support a claim of homestead, either in the terms or in buildings on the leased premises owned by the lessee if the property is occupied as a home by the lessee."

For a similar treatment of the doctrine as in the authorities cited by appellant, see, also, Thompson, Homestead & Exemptions, section 176; Waples, Homestead & Exemptions, 113, section 4; and 29 C. J. 847, section 159.

We see nothing in the provisions of our homestead laws, nor in the cases relied on by appellee in support of the judgment, that

precludes the application of the doctrine relied on by appellant to the case at bar, for it is clear that upon the creation of the relationship of lessor and lessee between the state and appellant, there was vested in appellant a right to the possession and occupation of the land covered by the leasehold for a term of years, which right under our law is an estate in real property. Section 8401, C. O. S. 1921; Howard v. Manning, 79 Okla. 165, 192 Pac. 358. From an examination of adjudicated cases in jurisdictions where the homestead laws in meaning are identical with the homestead laws of this state, the rule obtains as expressed in Bailey v. Dunlap Merc. Co., 138 Ala. 415, 35 So. 451, to wit:

"Under the constitutional and statutory provisions, a homestead exemption may be claimed in lands which constitute the dwelling place of the family with its appurtenances without regard to the nature or character of the title, whether legal or equitable, or of the estate, whether in fee simple, for life or for years only."

Thereunder, it is of no consequence that the title to the land may be in the public, as in the case at bar, which fact under the findings apparently was persuasive on the court in the judgment rendered. Waterson v. E. L. Bonner Co., 19 Mont. 554, 48 Pac. 1108, 61 A. S. R. 527; Gaylord v. Place, 98 Cal. 472, 33 Pac. 484; Griffin v. Chattanooga Southern Ry. Co., 127 Ala. 570, 30 Son. 523, 85 A. S. R. 143; In re Vincent, 28 Fed. (2nd) 396.

The doctrine thus contended for by appellant, in effect, is recognized by the law under which the lease was made, for by section 9385, C. O. S. 1921, which gives the lessee the right of assignment of a lease, it is expressly provided:

"That no assignment of the lease which is the home of the family shall be valid unless executed by both husband and wife."

The fact that the lessee is permitted to remove any or all of his improvements erected upon the lands leased upon termination of such lease, as provided by section 9390, Id., does not affect the homestead right. Hogan v. Manners, 23 Kan. 551, 33 Am. Rep. 199; Watts v. Gordon, 65 Ala. 546.

We have heretofore judicially recognized application of the leasehold doctrine to a school land lessee. Zehr v. May. 67 Okla. 97, 169 Pac. 1077; L. R. A. 1918C, 433. In that case this court said:

"While the question has been raised in some cases as to whether or not mere possession without title is sufficient to support the homestead right, the courts generally adhere to the view that such possession is sufficient to give the party in possession the homestead right against all the world but the true owner, and the Zehrs would therefore have a homestead right in the land, which they were holding and occupying as lessee, but under the terms of the act providing for the leasing of the public lands, this right expired at the expiration of the lease, or when the land was sold by the state."

Citing that case, and many others from other jurisdictions, the court in Re Simpson, 299 Fed. 866, observed:

"A leasehold interest in land, together with a dwelling house constructed upon the land and occupied by a man and his family, is exempt to him by the statute law of most of the states, and the courts of the states are uniformly liberal in the construction they place upon the statutes creating homestead rights."

That a homestead right inures to minor children, there can be no doubt, as this is fixed by section 1224, C. O. S. 1921. This right, however, as has already been noted, in the case of a leasehold, cannot extend beyond the term of the lease, which, as to school lands, under section 9405, Id., is fixed at five years. See, also, Brown v. Keller, 32 Ill. 151, 83 Am. Dec. 258; Kuttner v. Haynes, 35 Ill. App. 307; Wertz v. Merritt, 74 Iowa. 683, 39 N. W. 103; Webber v. Short, 55 Ala. 311; and 29 C. J. 847, section 159, where the rule is stated in this language, to wit:

"Where a title is necessary to support a homestead exemption, the homestead right in the land does not survive the termination of the leasehold estate."

We are of the opinion, therefore, that under the homestead laws of this state, a leasehold estate not exceeding 160 acres, created in school lands of the state by virtue of a lease thereof pursuant to law, where the same is improved with a dwelling house and other appurtenant improvements, and occupied as a home by the lessee and his family, is sufficient to sustain a claim of a homestead right therein; and, where the lessee dies during the term of the lease, his leasehold, with the improvements thereon, should, upon application of the administrator of decedent's estate, be set aside by the county court of jurisdiction as a homestead for the use and benefit of the minor children of the decedent lessee for the unexpired term of the lease.

The judgment of the district court is therefore reversed, and the cause remanded, with directions to enter judgment for appellant.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 2 A. L. R. 794; 13 R. C. L. p. 570; 3 R. C. L. Supp. p. 63.