**HILL et ux. v. BINFORD et al.**

No. 10137.

Court of Civil Appeals of Texas. Galveston.

Jan. 22, 1936.

Weslow, Beadle & Mooney and F. F. Beadle, all of Houston, for appellants.

W. P. Hamblen and W. P. Hamblen, Jr., both of Houston, for appellees.

PLEASANTS, Chief Justice.

This is a suit by appellants to recover from appellee T. A. Binford, and the sureties on his bond as sheriff of Harris county, the sum of $1,000, the alleged value of a piano taken from plaintiffs by the sheriff on May 9, 1931, under a writ of sequestration issued out of a district court of Harris county, in a suit against appellant Mrs. Fredericka M. Hill, brought by the Baldwin Piano Company, filed in said court on July 29, 1930.

On October 10, 1932, the Baldwin Piano Company's suit was dismissed for want of prosecution; thereafter, following a demand upon the sheriff by plaintiffs herein for return of their piano and the failure of the sheriff to comply therewith, plaintiffs brought this suit for damages for recovery of the sum of $1,000, the alleged value of the piano, which the petition alleges the defendant sheriff negligently permitted to be taken from his possession pending the Baldwin Piano Company's suit without requiring any replevy bond to be executed therefor.

The original answer filed by defendants consisted of a general demurrer and general denial. Some months thereafter, just before the trial of the case in the court below, defendants filed what is styled a plea in abatement. This pleading alleges, in

substance, that W. O. Hill was adjudged a bankrupt on December 31, 1931; that on, June 14, 1932, he had received his discharge; that the bankruptcy proceedings were closed on March 28, 1933; and that, on account of the bankruptcy of W. O. Hill intervening the time of taking of the piano by the sheriff under the writ of sequestration and the time of the filing of the instant suit, the cause of action sued on in the instant suit had accrued and passed to the trustee in bankruptcy for the benefit of the creditors of W. O. Hill; and that the plaintiffs herein were accordingly not entitled to maintain this action. To this plea in abatement the plaintiffs filed a motion to dismiss, on the ground that the plea was not filed in due order of pleading, a general demurrer, and two special exceptions, the nature of which need not be stated because they were not urged in the court below. They also filed a special plea, averring in substance that the piano, the failure to return which formed the basis of the instant suit, was part of the exempt household goods of W. O. Hill and wife, and that no title thereto passed to the trustee in bankruptcy.

The court heard evidence in support of and against the plea in abatement, and, following argument and the submission of authorities by counsel, finally, on December 13, 1933, entered its order permitting the filing of the plea in abatement, sustaining the same and abating and dismissing plaintiffs' suit from the docket of the court.

The trial court, on request duly made, filed its findings of fact and conclusions of law, but did not make any finding of fact as to whether the piano was part of the household goods of the plaintiffs nor any finding of law as to whether, either as household goods or as a tool of trade, the piano was exempt. The findings having been filed long after the period of time within which they should have been filed, it was then too late for appellants' counsel to request additional or further findings.

The appeal is predicated on appellants' contention that the undisputed evidence found in the statement of facts approved by the trial judge and filed in due time shows that the piano was exempt property and appellants' interest and claim therein did not pass to the trustee in bankruptcy.

The propositions presented in appellants' brief, each of which is based on appropriate assignments of error, are as follows:

No. 1. "Where the owner of exempt personal property is adjudged a bankrupt, title to such exempt personal property does not pass to the Trustee in bankruptcy, but remains in the bankrupt."

No. 2. "Where exempt personal property taken from the owner by the sheriff under a writ of sequestration, any cause of action which the owner then or thereafter acquires, whether by virtue of the taking being wrongful at the time, or on account of failure on the part of the sheriff to properly care for the property and to return it to the owner upon the termination of litigation, is likewise exempt and free from the claims of general creditors."

No. 3. "When exempt property is taken out of the possession of the owner by a sheriff under writ of sequestration, such owner, upon the dismissal for want of prosecution of the suit in connection with which the writ of sequestration was issued, is entitled to maintain his cause of action against the sheriff for failure to return the piano to him upon demand, and for negligence in failing to safely keep the piano during the pendency of the suit, notwithstanding after the taking of the piano from his possession he may have been adjudged a bankrupt, and notwithstanding there may have been a failure to have in any way listed in the bankruptcy schedule either the piano or his inchoate cause of action against the sheriff on account of its taking."

We do not think the abstract legal soundness of any of these propositions can be questioned, but appellants admit their soundness as applied to the facts of this case depends upon whether the evidence shows that the piano, which is the subject-matter of the controversy, was exempt property. We think the evidence does show this fact, and therefore neither the piano nor any equity of appellants therein could be subjected to payment of the debts of the bankrupt's estate, and for this reason the trustee in bankruptcy acquired no title thereto.

■ Section 70a of the Bankruptcy Act, set out in section 110 (a), 11 U.S.C.A., under the title "Bankruptcy," expressly excepts from the general provision of the act vesting in the trustee the title of the bankrupt in all property reserved by him at the time he was adjudged a bankrupt all property of the bankrupt "which is exempt." This provision of the act is clear and needs no interpretation by the courts. It has, however, been uniformly declared by the courts that the title of a bankrupt in exempt

**490**

property or his equity therein does not on adjudication of bankruptcy pass to the trustee appointed by the court. Stratton v. Ermis (C.C.A.) 268 F. 533; In re Bitner (C.C.A.) 255 F. 48; Baumbaugh v. Los Angeles Morris Plan Co. (C.C.A.) 30 F. (2d) 816; Seiling v. Gunderman, 35 Tex. 544, 545; Citizens' State Bank of Lindale v. Jeffries (Tex.Civ.App.) 2 S.W.(2d) 317; Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Van Slyke v. Bumgarner, 177 Wash. 326, 31 P.(2d) 1014.

■ The appellant W. O. Hill testified, in substance, that the piano was bought by his wife, who taught music in their home, and it was used principally in his wife's music teaching; that it was a part of their household furniture and their own children used it; that, when the piano was bought, it was understood that his wife would pay for it out of her earnings from her music classes; that he helped her make some of the payments on the piano as they became due, but that he always regarded the piano as belonging to his wife, and that he had no claim on it and did not consider the amount due on it as any indebtedness of his; that he never knew what the terms of its purchase were, had nothing to do with the purchase, signed no obligation for any part of the amount due on the piano, and does not know whether his wife had executed any obligation therefor.

We agree with appellants that upon the evidence as a whole no other reasonable fact conclusion can be reached than that the piano was exempt property which could not be subjected to payment of the creditors of the bankrupt.

■ It follows from this conclusion that the trial court should not have held that the suit could be abated on the grounds set out in appellees' pleadings.

We think the case should be tried upon its merits, and, if upon such trial the evidence shows that the piano in question was turned over by the appellee sheriff to the Baldwin Piano Company without requiring a replevy bond from said company, and was appropriated by that company to the satisfaction of the indebtedness due it by Mrs. Hill, appellants would be entitled to recover from appellees the excess in the value of the piano at the time it was so wrongfully taken and appropriated over the amount due on Mrs. Hill's indebtedness and such incidental damages as may have been

caused appellants by the negligent act of the appellee sheriff.

For the reasons indicated, the judgment should be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.