JOSEPH H. JOHNSON *v.* WILLIAM H. RICHARDSON.

1. EXECUTION: LANDS.—The term lands as used in the statute, Hutch. Dig. 917, which provides that every head of a family shall be entitled to hold, own, and possess, free from sale under execution, one hundred and sixty acres, not within any city, town, or village; or if within any city, town, or village, lands to the value of fifteen hundred dollars; includes an interest in lands for years, for life, or any greater estate of freehold.

Johnson *v.* Richardson.

2. EXECUTION: LAND.—The interest or estate of a tenant for years of land, being the head of a family, is exempt by statute, Hutch. Dig. 917, from sale under execution.

IN error from the Circuit Court of Rankin county. Hon. John Watts, judge.

The facts are sufficiently stated in the opinion of the court.

*W. C. Harper*, for plaintiff in error.

*E. H. Lombard*, for defendant.

SMITH, C. J., delivered the opinion of the court.

The subject-matter of this suit is certain lots, situated in the town of Brandon, being part of a sixteenth section, of which the defendant held possession and claimed under a lease for ninety-nine years. The facts of the case were agreed upon by the parties, and are stated in the bill of exceptions taken in the Circuit Court. It is unnecessary to detail them, as they present the single question, whether the interest or estate of a tenant for years, being the head of a family, is, or is not exempt by law, from sale under execution?

The proper construction of the statute, exempting certain property from sale under execution, approved January 22d, 1841, must determine this question.

The first section of the Act alluded to, declares that "every free white citizen of this State, male or female, being the head of a family, shall be entitled to own, hold, and possess, free and exempt from sale by virtue of any judgment, order, or decree of any court of law or equity in this State, founded on any contract made after the passage of this Act, or any process emanating from the same, one hundred and sixty acres of land. Provided, the same, or any part thereof, shall not be the site of any city, town, or village."

The third section applies more directly to the case before us, and provides that "every head of a family, who shall reside in any city, town, or village, in this State, shall be entitled to own, hold,

and possess, free from sale as aforesaid, lands within such city, town, or village, of the value of fifteen hundred dollars, exclusive of the buildings and improvements thereon," &c. The terms "lot," and "parcel of land," used in the fourth section, bear precisely the same import which the term "land" does, in the sections above quoted. Hutch. Dig. 917.

The Act under consideration is entitled, "An Act to exempt from sale under execution, certain property therein mentioned." And the subject of property to which the exemption is applied, is designated by the term "land." The interest or estate of the execution debtor designed to be protected from sale, is, as it is contended, indicated by the words "own, hold, and possess."

The term land, at common law, has a twofold meaning. In its more general sense, it is held to comprehend any ground, soil, or earth whatsoever, as meadows, pastures, woods, marshes, furze, &c. 1 Inst. 4, a; 2 Black. Com. 18. In its more limited sense, the term "land," denotes the quantity and character of the interest or estate, which the tenant may own in lands. "The land is one thing," says Plowden, "and the estate in the land is another thing; for an estate in the land, is a time in the land, or land for a time." Plowd. 555. When used to describe the quantity of the estate, "land" is understood to denote a freehold estate at the least. Black. Com. 18; Shepp. Touch. 88.

The manifest object of the legislature was to secure the head of every family resident without the limits of any city or town, in the possession and enjoyment of a sufficient quantity of his own land, for the maintenance of himself and family; or if a resident of any city, town, or village, to protect and secure him in the possession and enjoyment of his homestead.

It is manifest that these objects could not be fully attained, unless we so construe the Act, as to extend the exemption to all cases in which the head of a family might own, hold, and possess, any estate in lands, which theretofore was subject to levy and sale, under execution. These objects, it is scarcely necessary to say, would be so frequently defeated, as to render the Act itself, to a great extent, useless, if its remedial provisions were held to apply alone to lands in which the execution debtor held, at the least, a freehold estate.

Any person holding an interest in land for years, for life, or any greater estate, freehold, in reversion or remainder, is held to be an owner. 1 Hilliard's Ab. 20; 6 Mass. Rep. 251. The legislature, therefore, by declaring that the land exempted "shall be owned, held, and possessed" by the parties claiming under the Act, clearly did not intend to confine its remedial operation to cases, in which such parties held, owned, or possessed, an estate for life, or any greater estate of freehold.

And when we consider the objects which the legislature evidently intended to accomplish, it appears impossible to doubt that the term "land," was employed in its general and popular sense, to describe the particular subject of property which was designed to be brought within the exemption, provided in the Act; and not to define the nature and quantity of the interest or estate which was intended to be protected. Indeed, it is only by disregarding the manifest objects of the legislature, and by overlooking the clear distinction between the import of this term, when used to describe a subject of property, and when it is employed to define the estate which is held in it, that any misapprehension can arise in regard to the proper construction of the Act.

We are, therefore, clearly of opinion, that any person holding an interest in lands, for years, for life, or any greater estate of freehold, and coming within the conditions of the statute, is entitled to the privileges therein named.

It results, hence, that the judgment of the Circuit Court must be affirmed.