## *In re* E. P. EMERSON'S HOMESTEAD.

Argued June 27, 1894.    Affirmed Aug. 16, 1894.

No. 8880.

**A tenant for years is entitled to homestead on the demised premises.**

The benefits of a homestead law are not confined to an ownership in fee, but attach to the house and lot to which the debtor has such a term as may be sold on execution. A tenant for years is as clearly within the reason of the statute as the owner of a larger estate.

**Rights of a receiver of the tenants property.**

In a lease for a term of years, it was recited that the building was "to be used for hotel purposes, and operated as such;" and the lessee stipulated, "as a further condition of his occupancy of said premises, * * * to conduct or operate thereon or thereat a public inn" during his term. There was no covenant in the lease that the premises should be used for hotel purposes exclusively, nor was there a forfeiture clause, with the right of re-entry on the part of the lessor, in case they should not

be so used. *Held*, that the clauses in question did not inure to the benefit of a receiver of the lessee, under the insolvency law of the state, in a proceeding instituted by the lessee to have a portion of the premises set apart to him as a homestead.

Appeal by William B. Silvey, receiver of the property and estate of E. P. Emerson, insolvent, from an order of the District Court of St. Louis County, *Samuel·H. Moer,* J., made January 30, 1894, assigning to the insolvent four rooms in the Spalding House as his homestead.

On March 12, 1889, E. P. Emerson leased of the Spalding Hotel Company, a corporation, the hotel situated on the southeast corner of Fifth avenue and Superior street in Duluth known as the Spalding House for the term of ten years. He was to pay no rent the first year, but was to pay $7,500 a year for the second, third and fourth years, $10,000 for the fifth year and $12,000 a year for the last five years. He further agreed as a condition of his occupancy of the demised premises to keep a first class inn thereon and exert his best efforts for the successful management and good reputation of the hotel. Emerson took possession and he and wife thereafter occupied rooms 100, 102 and 103 on the third floor in the hotel as their private residence.

On September 9, 1893, Emerson was on the petition of creditors adjudged insolvent by the District Court of St. Louis County under Laws 1881, ch. 148, as amended, and William B. Silvey appointed receiver of his property. Silvey took possession of the hotel and of all the furniture and supplies and has since carried on the hotel business under the lease. He notified Emerson to vacate his rooms above mentioned. Thereupon Emerson presented his petition to the court claiming the rooms as his homestead, under 1878 G. S. ch. 67, and asking that they be assigned to him as such. The court granted the application and the receiver appeals. The trial court said:

The homestead right is given for the protection of the debtor and his family, and it must be wholly immaterial to the creditor whether the homestead tenure is slight or of the highest character. If the petitioner owned the premises in fee simple it needs no argument to reach the conclusion that he would be entitled to homestead rights therein. If the petitioner owned the property in question under a conveyance expressly stipulating that the property should be used for hotel purposes only, it could not reasonably be claimed that such

express covenant would prevent his claiming homestead rights therein. Residing thereon is not inconsistent with keeping hotel there. The parties to the lease must have contemplated that Emerson and his wife would occupy rooms there to watch and manage the business.

*Henry F. Greene,* for appellant.

The use of the Spalding House or any part thereof as a residence for the Emerson family, being contrary to the terms of his lease, was as a matter of fact not the principal use to which such property was put, but a purely subordinate use, and hence conferred no homestead rights. *Laughlin* v. *Wright,* 63 Cal. 113; *McDowell* v. *His Creditors,* 103 Cal. 264; *Philleo* v. *Smalley,* 23 Tex. 498.

A case which is directly in point and which it is submitted must be disapproved if the decision of the lower court is to stand, is that of *Green* v. *Pierce,* 60 Wis. 372. See also *Garrett* v. *Jones,* 95 Ala. 96.

In the case of a partnership interest the unanimous concurrence of authorities is that a partnership title will not support a homestead exemption. *Drake* v. *Moore,* 66 Ia. 58; *Hoyt* v. *Hoyt,* 69 Ia. 174; *Terry* v. *Berry,* 13 Nev. 514; *Kingsley* v. *Kingsley,* 39 Cal. 665.

The insolvent whose only right in the premises is derived from the lease should not be allowed to keep a part of the property for a use impliedly prohibited therein. *Sumner* v. *Sawtelle,* 8 Minn. 309; *Rogers* v. *McCauley,* 22 Minn. 384.

*A. A. Harris,* and *Henry E. Harris,* for respondent.

The true test of a homestead estate seems to be whether the interest in which it is claimed, may be sold on execution. In this instance it is clear, both upon principle and authority, that this may be done. *Bartholomew* v. *West,* 2 Dill. 290; *Conklin* v. *Foster,* 57 Ill. 104; *Pelan* v. *De Bevard,* 13 Ia. 53; *Reynolds* v. *Fleming,* 43 Minn. 513; *Wilder* v. *Haughey,* 21 Minn. 101; *Kaser* v. *Haas,* 27 Minn. 406; *Hogan* v. *Manners,* 23 Kan. 551.

The fact that the greater portion of the building known as the Spalding Hotel is used for hotel purposes does not prevent Emerson from claiming that portion of it which he and his family have occu-

pied for over five years past as their homestead. *Hogan* v. *Manners,* 23 Kan. 551; *Kelly* v. *Baker,* 10 Minn. 154; *Umland* v. *Holcombe,* 26 Minn. 286; *In re Tertelling,* 2 Dill. 339; *Phelps* v. *Rooney,* 9 Wis. 70; *Rhodes* v. *McCormick,* 4 Ia. 368.

COLLINS, J. The peculiar features of this case make it novel, but we are of the opinion that the questions presented are foreclosed by former decisions of the court.

1. That a tenant holding a leasehold interest for a term of years can acquire a homestead right in the property ought not to be questioned, nor do we understand that appellant's counsel claim to the contrary. In *Kaser* v. *Haas,* 27 Minn. 406, (7 N. W. 824,) it was said, when speaking of the homestead exemption, that the character of the ownership, or of the estate or interest owned, is not material, so that it gives the right of occupancy,—so that there is a concurrence of ownership and occupancy, the former sustaining the latter. The question was whether the ownership by the occupant of an undivided interest in land occupied as a homestead was sufficient to sustain the exemption. In an earlier case, where an equitable owner —a person occupying under a contract for purchase—claimed the exemption, it was observed that the less the estate and interest the more important its preservation to the claimant and his family, and the greater the necessity for surrounding it with the defenses of the statute. *Wilder* v. *Haughey,* 21 Minn. 101. We do not suppose if this petitioner had held a leasehold interest for a term of years in a modest house and lot occupied as a family residence, that his claim to its exemption as a homestead would have been opposed, for the benefits of a homestead law are not confined to an ownership in fee, but attach to the house and lot to which the debtor has such a term as may be sold on execution. A tenant for years is as clearly within the reason of the statute as the owner of a larger estate. *Conklin* v. *Foster,* 57 Ill. 104; *Pelan* v. *De Berard,* 13 Iowa, 53; *Hogan* v. *Manners,* 23 Kan. 551; *Johnson* v. *Richardson,* 33 Miss. 462.

2. It is urged by counsel for appellant that the petitioner could not acquire a homestead interest in the leased premises because of certain clauses in the lease. It was recited in this instrument that the building was "to be used for hotel purposes, and operated as

such;" and the lessee stipulated, "as a further condition of his occupancy of said premises, * * * to conduct or operate thereon or thereat a public inn" during his term. There was no covenant in the lease that the premises should be used for hotel purposes exclusively, nor was there a forfeiture clause, with the right of re-entry on the part of the lessor corporation, in case they should not be so used. So that the latter's right, in case the tenant had disregarded the recital and stipulation, would not have been the right to re-enter, but probably its remedy would have been by injunction to restrain the tenant. However, we need not determine the lessor's remedy, nor how the tenant's interests might be affected by the result, for the clauses in question would not, in any event, inure to the benefit of the lessee's creditors, whom, in so far as the homestead claim is concerned, the receiver represents; his interest being no greater than theirs, for of course the receiver has no greater or other rights, as against the insolvent lessee, than a judgment creditor could obtain.

3. With reference to appellant's claim that there was error in the order because it was not shown affirmatively that the rooms set apart as a homestead are all on the same lot, it may be said that we must presume that they are. If there was error in this respect, it should have been made to appear.

4. The suggestion made in the oral argument that, if the petitioner has a homestead interest in the premises, it is subject to the payment of a just proportion of the rent paid by the receiver for the use of the whole, we have not considered. That question is not before us.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 60 N. W. 23.)