ORRIN D. KINNEY *et al. vs.* DULUTH ORE Co. *et al.*

Argued July 11, 1894. . Reversed Aug. 16, 1894.

No. 8754.

| 58 | 455 |
|----|-----|
| 64 | 39 |
| 58 | 455 |
| 69 | 24 |
| 58 | 455 |
| 82 | 491 |
| 58 | 455 |
| 85 | 434 |

**The assignee of a claim may make a lien statement securing it.**

The proper transfer of a claim or demand, the payment of which may be enforced under the provisions of the mechanic's lien law (Laws 1889, ch. 200), operates as an assignment of the right to a lien, including the right of the transferee to file the lien statement in his own name.

**He may include more than one claim in a statement for lien.**

Such transferee or assignee may include more than one claim or demand in the same lien statement, providing the requirements of the statute are complied with as to each.

Appeal by plaintiffs, Orrin D. Kinney and Joseph Sellwood, from an order of the District Court of St. Louis County, *Samuel H. Moer,* J., made February 23, 1894, sustaining demurrers to their complaint.

The northwest quarter of the northeast quarter of section three (3) T. 58, R. 16, in St. Louis County was owned by the Biwabik Fee Iron Company and others. They rented it to the Duluth Ore Company to mine and remove therefrom iron ore on payment of fifty cents per gross ton of merchantable ore removed. The Duluth Ore Company made a contract February 9, 1893, with Carl J. Anderson to open up and drain the mine and uncover the body of ore lying just below the surface. He employed Frank Spick and over one hundred other laborers in June and July, 1893, in the work of removing the surface soil and in digging ditches to drain off the water. They were not paid and each assigned his claim to the plaintiffs. The aggregate amount was $1649.61. The plaintiffs on September 18, 1893, made and verified a statement for a lien on the land for this sum and caused it to be recorded in the Registry of Deeds. They commenced this action to foreclose the lien. The complaint stated these facts and attached thereto was a copy of the lien statement.

The Duluth Ore Company and several other defendants appeared and severally demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrers and plaintiffs appeal.

*Draper, Davis & Hollister,* for appellants.

The wide diversity of statutory provisions in the different states has led to a corresponding difference in the decisions of the courts. This diversity appears prominently in the statutes and decisions touching the assignability of mechanics' liens. In some states the lien or right to a lien is held not to be assignable either before or after the filing of a statement. In other states, such liens or lien rights are held assignable, but enforceable only by suit in the name of the assignor. In still other states mechanics' liens are held to be as assignable as other choses in action. Not only is a right to a lien held assignable before the filing of the statement, but the transfer of the debt operates also as a transfer of the right to a lien. For a condensed summary of the decisions in the several states see Phillips Mech. Liens (3rd Ed.) §§ 54 to 56 inclusive.

The question of the assignability of a lien or a right to a lien is determined by the construction of the local statute creating the lien and the decisions of other states are of no persuasive force, unless they are made under substantially identical statutes. Such identity is almost unknown, and therefore in most of the states the question of assignability must be determined upon the construction of their several statutes.

The assignment of a debt carries with it all the liens, securities and remedies, which the assignor held or might have employed to enforce its payment, except where some statute forbids such result. Lawson, Rights, &c. § 2662.

Whatever right of action, claim or lien survives to an administrator or executor of the person holding the right, claim or lien, is assignable. Id. § 2650. *Tuttle* v. *Howe,* 14 Minn. 145.

The rights assigned are by virtue of the assignment coextensive with those of the executor or administrator by virtue of the survival of the right, claim or lien to him. *Miller* v. *Condit,* 52 Minn. 455; Phillips Mech. Liens (3rd Ed.) §§ 54–56.

*Cotton, Dibell & Reynolds,* for respondents.

A claim for a lien under our mechanics' lien statute is, before the filing of the lien statement required by that act, a mere personal, inchoate right or privilege, incapable of assignment, and does not pass

with the assignment of the debt. *Mills* v. *La Verne Land Co.*, 97 Cal. 254; *Goodman B. & S. Co.* v. *Pence*, 21 Neb. 459; *Noll* v. *Kenneally*, 37 Neb. 879; *First Nat. Bank* v. *Day*, 52 Ia. 680; *Merchant* v. *Ottumwa W. P. Co.*, 54 Ia. 451; *Brown* v. *Smith*, 55 Ia. 31; *Langan* v. *Sankey*, 55 Ia. 52; *Dexter Horton & Co.* v. *Sparkman*, 2 Wash. St. 165; *O'Connor* v. *Current River R. Co.*, 111 Mo. 185; *Tewksbury* v. *Bronson*, 48 Wis. 581; *Rollin* v. *Cross*, 45 N. Y. 766.

The lien law does not authorize the combination of several claims for liens by individuals not jointly interested.

The lien law does not contemplate a lien in favor of those employed in work, such as the complaint in this action alleges to have been done. Laws 1889, ch. 200, § 2.

COLLINS, J. The questions here presented for determination are— *First*, does the proper transfer of a claim or demand, the payment of which may be enforced under the provisions of the mechanic's lien law (Laws 1889, ch. 200), operate as an assignment of the right to a lien, including the right of the transferee to file the lien statement in his own name? and, *Second*, if the first question be answered in the affirmative, can such transferee or assignee include more than one claim or demand in the same lien statement?

1. There is nothing in our statute, as there is in the statutes of some states, which forbids, directly or by implication, the assignment of such claims and demands; and it was held more than twenty five years ago, in *Tuttle* v. *Howe*, 14 Minn. 145 (Gil. 113), that a lien claim was capable of assignment, although in that case the required affidavit for a lien had been filed by the original creditor prior to the assignment. In that opinion, attention was called to 1866, G. S. ch. 90, § 14, the then existing lien law, which gave to executors and administrators, as does Laws 1889, ch. 200, § 17, the same rights as their testator or intestate would be entitled to, if living, and the well-settled general rule that whatever rights of action or of property survive to an executor or administrator are assignable was referred to and relied upon. No one would dispute the right of an executor or an administrator to file the lien statement required by the present statute, and if such be the case it logically follows that the assignee of the lien may make and file the lien statement. There is no good

reason why the right to the lien should not be assignable before as well as after the statement has been filed, and there is an abundance of reasons why, if the right be assigned, the assignee should thereafter take all necessary steps required to preserve and collect his claim. He must not be put at the mercy of his assignor, who might or might not choose to make or file the statement.

It is elementary that the assignment of a debt carries with it all the liens, securities, and remedies which the assignor held or might have employed to enforce its payment, in the absence of a statute to the contrary. There has been some quibbling in the courts to avoid the application of this rule where the transfer has been of a claim or demand to which the right of lien attached. We are not inclined to follow the cases in which application of the rule has been denied. A summary of the decisions of the various states on the subject of the assignability of this class of debts and the result of such assignments may be found in Phillips, Mech. Liens (3d Ed.) §§ 54–56.

2. We are clearly of the opinion that the lien statement may cover and include more than one claim or demand, providing the requirements of the statute are complied with as to each. Expense and trouble is thus saved, the procedure is directly in line with that provision of the statute which compels the bringing of all lien claimants into one action, and the object of the law is fully accomplished. Although the facts are not the same, the case, on this point, is governed by *Benjamin* v. *Wilson*, 34 Minn. 517, (26 N. W. 725.)

Order reversed.

Buck, J., absent, sick, took no part.

(Opinion published 60 N. W. 23.)

Application for reargument denied October 9, 1894.