## In re LE VAY.

(District Court, M. D. Pennsylvania. November 27, 1903.)

### No. 326.

1. **BANKRUPTCY—EXEMPTIONS—TIME AND MANNER OF CLAIMING.**

While, under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], the right of a bankrupt to his exemption depends on the state law, by which it is primarily given, the time and manner of obtaining it are necessarily regulated by that act. Claim for its allowance in involuntary proceedings is therefore in effective time if made by the bankrupt in his schedules.

2. **SAME—PERISHABLE GOODS—CLAIM ON PROCEEDS OF SALE.**

Where a claim to his exemption is made by the bankrupt in his schedules, the mere fact that meanwhile the goods themselves, which he might otherwise have claimed, have been sold by a receiver under the direction of the court as perishable, will not deprive him of the right to come in upon the proceeds, notwithstanding that under the state law a debtor is not entitled to his exemption out of the proceeds of a sale, but must elect the goods he wishes to retain and have them set aside to him.

8. **PERISHABLE GOODS—SALE OF—PROCEEDS—HOW DISTRIBUTED.**

The sale of goods as perishable is for the benefit of all concerned; the money realized standing instead of the property itself, against which the parties interested may assert their rights, the same as if the sale had not taken place.

**4. BANKRUPTCY—EXEMPTIONS—PRIORITY—COSTS AND EXPENSES OF RECEIVER.**
Where the bankrupt has properly claimed his exemption, it cannot be diminished by, or put aside in favor of, the costs and expenses made in the proceedings, even where these have been incurred in steps taken to preserve the property, as by a sale of it by a receiver as perishable.

In Bankruptcy. On certificate from H. A. Fuller, Referee.

Chas. N. Loveland, for bankrupt.

W. N. Reynolds, Jr., for defendant.

ARCHBALD, District Judge. These are involuntary proceedings instituted June 1, 1903, against the bankrupt, who was carrying on a millinery business. On suggestion that her stock, being adapted to the season, was liable to serious deterioration unless speedily disposed of, a receiver was appointed, and a sale of the goods ordered as perishable. This sale took place on June 19th, two weeks in advance of the adjudication, and realized $140.50—about one-fourth of what it was appraised at; and upon filing her schedules a few days after the adjudication the bankrupt claimed the proceeds as part of her $300 state exemption. Excepting a sewing machine, some jewelry, and a few small personal effects, valued at $50, also claimed as exempt, the money realized at the sale constituted the whole of her property. The right to the proceeds of the sale was denied the bankrupt by the referee on two grounds: First, because it was claimed too late, after the goods had been converted by a sale; and, second, because the costs and expenses of the referee and receiver, which exhausted the fund, were entitled to priority.

It is held by the courts of Pennsylvania that an execution debtor is not entitled to his $300 exemption out of the proceeds of the sale of personal property by the sheriff, but that he must elect the goods which he wishes to retain, and have them appraised and set aside to him (Hammer v. Freese, 19 Pa. 255); and that, except under certain special circumstances, a demand for an appraisement must be made before the day of the sale, or the exemption will be considered waived. Rogers v. Waterman, 25 Pa. 182; Diehl v. Holben, 39 Pa. 213. But while it is no doubt true that the right of the bankrupt to his exemption depends on the state law by which it is primarily given, the analogies derived from the practice upon execution process are not to be carried too far. The time and manner of obtaining it in this court are necessarily regulated by the bankrupt act, and it is there provided that the bankrupt shall claim in his schedules the exemptions to which he is entitled—section 7a (8), Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]—and that they are to be set apart to him by the trustee, who is to report to the court the items and estimated value thereof—section 47a (11), Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]. Where this course has been pursued, it must be regarded as effective, and in time. The mere fact that meanwhile the goods which he might otherwise have claimed have been sold by a receiver, under the direction of the court, because of their perishable character, will not deprive him of the right

¶ 4. See Beach v. Macon Grocery Co. (C. C. A.) 125 Fed. 513.

to come in upon the proceeds. The sale of goods as perishable is for the benefit of all concerned, the money realized therefrom standing in stead of the property itself, against which the parties interested may assert their rights the same as if the sale had not taken place. Taylor v. Carryl, 24 Pa. 259; Apreda v. Romano, 24 Wkly. Notes Cas. 124. It may be that the alleged bankrupt, for the purpose of more fully preserving her rights, might have petitioned the court in advance, and had the goods set off to her under her exemption; but I do not see that she was bound to do so; much less was she to apply to the receiver, who had no authority to act if she had.

Neither is the bankrupt's claim to be put aside in favor of the costs and expenses made in the proceedings. No doubt the adjudication determines that an act of bankruptcy had been committed, which, theoretically, justifies them; but, even so, the bankrupt was entitled to her exemption, which, having been properly claimed, preserves to her intact and undiminished whatever is covered thereby. Property that is exempt forms no part of the bankrupt's estate, nor does the bankrupt court acquire any right to administer upon or distribute it, even though its aid may be required to set it aside. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The title to that which is now claimed having, therefore, never passed out of the bankrupt, even though temporarily in abeyance, cannot be subjected to the costs made in the attempt to otherwise deal with it (sections 62, 64b, Act July 1, 1898, c. 541, 30 Stat. 562, 563 [U. S. Comp. St. 1901, pp. 3446, 3447]), and this is true even though the appointment of the receiver and the sale of the goods as perishable would ordinarily be regarded as preservative steps taken in the interest of all parties. So far as the bankrupt was concerned, the whole proceedings, as well as this part of them, were a useless interference with her affairs. Conceding that an act of bankruptcy had been committed, it must have been evident from the start that the small stock of millinery which she had, even if it realized $519, at which it was appraised, was little more than enough to cover her exemption and the probable costs, leaving only the barest fraction, if anything at all, for general creditors. As it turned out, it has fallen far short of this, and the expenses incurred must therefore be borne by those who made them. They cannot be allowed to still further reduce the bankrupt's already scanty claim.

The report of the referee is set aside, and it is ordered that the fund in the hands of the receiver be turned over to the bankrupt as part of her state exemption.