## KEMP ET AL. v. GOODNIGHT ET AL.

[No. 20,793.   Filed February 21, 1907.]

1. HIGHWAYS. — *Improvement.* — *Petitions.*—*Abutting Lands.*— *What Are.*—The lands in the southwest corner of section three, and the southeast corner of section four, abut upon a public highway running north on the section line to such corner and thence west along the section line from such corner, within the meaning of section two of the act of 1903 (Acts 1903, p. 255). p. 177.

2. DEEDS.—*Title Conveyed.—Fee Simple.—Life Tenancies.*—A deed of lands to a husband and wife "to have and to hold during their natural lives and at their death to go to" their three children, gives the husband and wife a life tenancy and the children a fee simple as tenants in common.   p. 177.

3. WORDS AND PHRASES.—*"Land."*—The term "land" primarily denotes ground, soil, earth, woods, waters, or the like, and secondarily, the character of the interest a tenant may own in land.   p. 178.

4. HIGHWAYS.—*Statutes.—Lands Abutting.—Words and Phrases.* —Section two of the act of 1903 (Acts 1903, p. 255) providing that a majority of the "resident landholders of the county whose lands abut upon the proposed improvement" refers to the ground forming the earth's surface contiguous to such improvement.   p. 178.

5. SAME. — *Statutes.—Abutting Lands.—Words and Phrases.*— Section two of the act of 1903 (Acts 1903, p. 255), providing that petitions for the improvement of highways must be "signed by a majority of the resident landholders of the county whose lands abut upon the proposed improvement," refers only to those residents of the county who own a fee simple in such lands, and does not refer to life tenants.   p. 178.

6. SAME. — *Remonstrances. — Costs and Benefits.—Utility.—Decision of Board Final.—Striking out on Appeal.—Statutes.*—It is harmless error to refuse to permit an amendment of a highway improvement remonstrance, under the act of 1903 (Acts 1903, p. 255), by striking out the portions relating to the costs exceeding the benefits and public inutility, since §14 of such statute makes the decision of the board final on such questions, and the court could not determine them though they remained in the record.   p. 179.

7. SAME. — *Amendments on Appeal. — Jurisdiction.—Motion to Dismiss.*—Where remonstrants, in a highway improvement proceeding, on appeal from the board, filed, in the circuit court, a motion to dismiss, which the court overruled, it was not erroneous to refuse to permit the filing of a remonstrance questioning the jurisdiction of the court.   p. 179.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Highway improvement petition by John Goodnight and others, against which Joseph G. Kemp and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Coleman & Carter* and *Harry C. Sheridan,* for appellants.

*Beauchamp, Mount & Proctor* and *Mock & Ressler,* for appellees.

MONTGOMERY, C. J.—This proceeding was begun before the Board of Commissioners of the County of Tipton, for the improvement of a public highway under the provisions of "an act concerning gravel and macadamized roads." Acts 1903, p. 255. Appellants appeared specially and moved that the board dismiss the petition for the reason that it was not signed by a majority of the resident landholders of the county, whose lands abut upon the proposed improvement. This motion was overruled, and subsequently appellants filed remonstrances, and further proceedings were had resulting in an order for the construction of the improvement. Appellants appealed to the circuit court, where their motion to dismiss was renewed. The court heard evidence upon the issue of fact thereby tendered, and, upon such proofs, overruled the motion to dismiss. A trial upon the merits was had, special findings made, with conclusions of law in favor of appellees, followed by a judgment for the construction of the proposed work.

The questions in controversy are presented by assignments alleging the commission of error in overruling appellants' motions to dismiss the proceeding, and for a new trial.

The petition was "for the improvement of a highway, commencing six feet north of the southwest corner of the southwest quarter of section ten, township twenty-one north, range three east, in Tipton county, Indiana, thence north one mile to the northwest corner of the northwest quarter of section ten, township twenty-one north, range three east, in Tipton county, Indiana, thence west upon the public highway on the south side of the right of way of the Lake Erie & Western Railroad, a distance of two miles and six

hundred feet, ending and terminating six hundred feet west of the section line dividing sections seven and eight, in township twenty-one, range three east, in Tipton county, Indiana."

It is conceded that six resident abutting landholders signed the petition, and that three, viz., Smith, Wheatley and Campbell, did not sign. The question upon the motion to dismiss is (1) whether the southwest quarter of section three and the southeast quarter of section four in said township and range abut upon the proposed improvement; and (2) who is the landholder within the meaning of the statute, as respects the southwest quarter of said section three.

The petition, as already shown, sought to improve that part of the highway beginning at a point six feet north of the southwest corner of section ten, and running 1. thence north one mile to the northwest corner of said section. This course and distance followed to the monument named necessarily leads to the corner common to sections three, four, nine and ten. The evidence, excepting the testimony of one witness, was to the effect that this corner is indicated by a stone within the highway, and at least seven and one-half feet south of the north line of the road at the point where it turns west. We think, leaving this testimony out of consideration, that appellees' petition must be held to admit that the southwest quarter of section three and the southeast quarter of section four abut upon the proposed improvement. John C. Lutz is admitted to be the owner of the south half of the southeast quarter of section four, and a resident of the county, and should be counted as an abutter not signing the petition.

The west half of the southwest quarter of section three was conveyed to "George M. Shortle and Sarah E. Shortle, his wife, to have and to hold during their natural 2. lives, and at their death to go to James S., Abraham G. and George Shortle." It is evident that this

abutting tract is held by George M. and Sarah E. Shortle for life, and the remainder in fee is owned by James S., Abraham G. and George Shortle as tenants in common.

Appellants' counsel .contend that the holders of the life estate in this tract constitute one "landholder," and the owners of the fee another "landholder," within the meaning of that term as used in this statute, and therefore that six resident abutters signed and six did not sign the petition, and, as the law requires a majority to sign, the petition is insufficient and the proceeding should have been dismissed. We are unable to concur in this construction of the statute. The language of the statute is "resident landholder of the county whose lands abut upon the proposed improvement." The primary meaning of the word "land," at common law, is "any ground, soil, or earth whatsoever; as arable, meadows, pastures, woods, moors, waters, marshes, furzes, and heath." 2 Blackstone's Comm., *17. In a more limited sense the term denotes the quantity and character of the interest or estate which the tenant may own in lands. *Johnson* v. *Richardson* (1857), 33 Miss. 462, 464. Taken in connection with the qualifying word "abut," we think the term "lands" was used in this connection in the primary sense, and refers to the ground forming the earth's surface contiguous to that part of the highway to be improved. The act does not contemplate that there may be more than one landholder for each abutting tract, and the one intended is the holder of the fee. We are not to be understood as deciding that when the fee is held by more than one person, each of such owners resident in the county may not be counted, but only that "landholders," as meant by this act, must be owners of a title in fee, and not mere life tenants.

It was shown that George Shortle, Jr., one of the tenants in common of the remainder in fee, was a resident of the county of Tipton. Conceding that he should be counted as a resident abutting landholder who did not sign the peti-

tion, we would have but five not signing against six who did sign, and it must follow that the court below correctly decided the jurisdictional question, and rightly overruled appellants' motion to dismiss the proceeding.

It was alleged in the motion for a new trial that the court erred in refusing appellants permission to file amended remonstrances in the circuit court. The 6. proposed amendments consisted in striking out the fourth and fifth grounds stated in the original remonstrances, to the effect that the cost and expense of constructing the proposed improvement would exceed the benefits to be derived, and that it would not be of public utility, and by inserting an averment that the board of commissioners never acquired jurisdiction of the subject-matter of the action. The statute expressly declares that the decision of the board of commissioners upon the causes of remonstrance which appellants proposed to strike out, "shall be final and no appeal allowed therefrom." Acts 1903, pp. 255, 261, §14. This part of the remonstrance was effectually eliminated by the statute without the formality of striking the same from the pleading, and amendment in this respect was unnecessary. The insertion of matter challenging the jurisdiction of the court would have been equally unavailing, since that question had been 7. finally adjudicated against appellants upon their motion to dismiss, and could not again be litigated. It is manifest that the court did not abuse its discretion, but properly denied appellants' request to file amended remonstrances upon appeal.

The conclusions of law are in accord with the facts found. The only issue of fact seriously controverted was whether the petition had the requisite signers, and this we have seen was correctly determined. It follows that the decision of the court was sustained by the evidence, and no error was committed in overruling appellants' motion for a new trial.

The judgment is affirmed.