In re CULWELL.

(District Court, D. Montana. December 11, 1908.)

No. 473.

1. BANKRUPTCY (§ 400*)—EXEMPTIONS—HOMESTEAD.
   Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), vests in the trustee the title of the bankrupt's property as of the date he was adjudged a bankrupt, except as to exempt property, and section 6a (30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) declares that the act shall not affect the allowance to bankrupts of exemptions prescribed by state laws in force when the petition in bankruptcy is filed. *Held* that, where a bankrupt in his schedules claimed certain real estate exempt as a homestead, his exemption therein, in the absence of fraud, was not defeated because he had not designated the same according to the laws of the state, provided he proceeded to do so within a reasonable time thereafter.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

2. BANKRUPTCY (§ 400*)—EXEMPTIONS—TIME—MANNER.
   Courts of bankruptcy are not controlled as to the time or manner in which claims for exemptions are preferred.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 671; Dec. Dig. § 400.*]

3. BANKRUPTCY (§ 147*)—EXEMPT PROPERTY—ADMINISTRATION.
   The authority of the bankruptcy court to control the property in order to set it aside if exempt, and to exclude it from the assets of the bankrupt's estate, does not extend authority to the trustee to administer exempt property as though it constituted assets.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. § 147.*]

R. O. Lunke, J. B. Clayberg, and Edward Horsky, for bankrupt.

HUNT, District Judge. This matter is presented for review of an order made by the referee in bankruptcy at Helena. By stipulation, it was agreed between the attorneys for the bankrupt and the trustee in bankruptcy that A. J. Culwell, the bankrupt, filed his petition in bankruptcy on October 28, 1907; that upon October 29, 1907, he was duly adjudged a bankrupt; and that, in the schedule of his estate attached to his petition, certain lots, hereinafter described, were enumerated and claimed by the bankrupt as exempt. It was further stipulated that neither the bankrupt nor his wife had filed a declaration claiming said property as a homestead at the time of filing said petition, or prior thereto, or at the time the order of adjudication was entered herein, but that said A. J. Culwell did duly file a declaration of homestead on December 7, 1907, and prior to any further steps in the bankruptcy proceedings than the adjudication. Upon that statement of facts, the referee held that the property was not exempt, and should not be set aside. The question, therefore, is whether or not lots 7 and 8 in block 14 of the original plat of Culbertson, Mont., as described in the schedule, should be set aside for him as exempt property.

My opinion is that the court should allow the bankrupt's claim of exemption, and that the trustee should release any control he may be assuming. The basis for this view rests upon construction of the provisions of section 70a of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), which vests in the trustee in bankruptcy the title of the bankrupt as of the date he was adjudged a bankrupt, "except in so far as it is to property which is exempt," etc., and also of section 6a, which, in so far as pertinent here, provides that the bankrupt act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the state in force when the petition in bankruptcy is filed. I do not construe the bankrupt act as meaning that upon the trustee's qualifying, the bankrupt is deprived of all right to perfect his homestead exemption, provided in his schedules he claims a designated piece of realty as a homestead and as exempt, and provided he proceeds, under the state statutes, without delay, and provided always there is no fraud involved in the matter of the claim. The bankrupt act, in its further provision concerning "the allowance" to bankrupts of exemptions, as provided for under the state law, necessarily contemplates determination by the bankruptcy court of "claims" for exemptions by the bankrupt in his schedules, and after determination, setting apart or refusal to set apart. Section 7, cl. 8, Bankrupt Act; In re Le Vay (D. C.) 125 Fed. 990.

Yet the act does not make it a precedent to having a homestead allowed to the bankrupt claiming the same in the bankruptcy court, that the homestead shall have been designated pursuant to the state statute, prior to the date of adjudication in bankruptcy. In re Friedrich, 100 Fed. 284, 40 C. C. A. 378. If the bankrupt has expeditiously and in good faith made his declaration, following the claim in the schedule, the property is exempt and cannot be retained for administration. In re Fisher (D. C.) 142 Fed. 205; In re Brumbaugh (D. C.) 128 Fed. 977. It has been well said:

"Courts of bankruptcy are not controlled as to the time or manner in which claims for exemptions may be preferred in bankruptcy." In re Kane, 127 Fed. 552, 62 C. C. A. 616.

The authority to control property in order to set it aside, if exempt, and to exclude it from the assets of the bankrupt estate, which are to be administered upon, does not in any way extend authority to the trustee to administer upon exempt property as though it were an asset of the estate. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The spirit of the bankrupt law in the matter of exemptions is one of liberality, and, under facts as presented herein, the bankruptcy court will allow the homestead exemption recognized by the state.

The question certified is answered in the affirmative, and the referee's order is reversed.