In re FINKLESTEIN.

(District Court, M. D. Pennsylvania. January 8, 1912.)

No. 1,839.

1. BANKRUPTCY (§ 400*)—EXEMPTIONS—POWER OF TRUSTEE.

Under Bankr. Act July 1, 1898, c. 541, § 7a, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), requiring a bankrupt to schedule his exemptions, and under section 47a, requiring the trustee to set apart the bankrupt's exemptions and report thereon, exempt property or its proceeds forms no

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part of the estate, and the trustee has no power to refuse to set aside the exemption; the bankrupt's right thereto being properly determined on any exceptions to the trustee's report.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 671–675; Dec. Dig. § 400.*]

**2. BANKRUPTCY (§ 400*)—EXEMPTIONS—POWER OF REFEREE.**

Where a trustee in bankruptcy has wrongfully refused to set aside exempted property, the referee may allow the property or its remaining proceeds to be set apart to the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

In the matter of Abraham Finklestein, bankrupt. On certificate to review an order of the referee allowing the bankrupt's exemption. Affirmed.

W. H. Goodwin, for trustee.

Abram Salsburg, for bankrupt.

WITMER, District Judge. The trustee refused to set aside the exemption claimed by the bankrupt in his schedules. The bankrupt before the referee, at the audit of trustee's account, renewed his claim to the exemption, requesting that the proceeds of the sale of the goods formerly claimed be awarded to him. The referee, in making distribution of the fund in hand, after allowing the costs of administration, awarded the bankrupt the balance, being the sum of $125.05, on account of his exemption, to the apparent satisfaction of the bankrupt. The trustee, however, has taken exception to this award, for the following alleged reasons: (a) The trustee had never set aside the said exemption. (b) The referee has disregarded the affidavit of the trustee in his report refusing to set aside the exemption to said bankrupt. (c) The referee's report of audit shows that the bankrupt had notice of the receiver's sale and was represented at said sale by his attorney.

[1] Whether the bankrupt was entitled to the exemption awarded to him by the referee is therefore the only question for determination. Under the facts and the law governing the practice regarding the matter, the claim of the bankrupt is hardly open to serious dispute. Section 7a (8) of the bankrupt law directs that the bankrupt shall prepare and file in court a schedule of such exemptions as he may be entitled to, and section 47a (11) directs that trustees shall set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment.

Under these provisions, it was the duty of the bankrupt, if desirous of enjoying the benefit and advantage offered by the statute, to indicate in his schedule the property he selected to have set apart to cover his exemption. He complied with the law, and exercised his right and privilege in the manner prescribed, whereupon his duty with respect to the matter ceased, and the exempted goods became his property as effectually as if they had immediately been delivered to him and were in his possession. And in the event of the sale of

such property by the court, the proceeds thereof belong to the bankrupt, because property that is exempt forms no part of the bankrupt's estate, so as to permit a bankrupt court to acquire any right to administer upon or distribute it, even though the court's aid may be invoked to have it set aside. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; In re Le Vay (D. C.) 11 Am. Bankr. Rep. 114, 125 Fed. 990. It was the plain and obvious duty of the trustee, after request made by the bankrupt in his schedules, to set the same aside for his use; and, if the bankrupt for any reason was not entitled to the exemption, that question could have been very properly determined. The report of the trustee upon such matters is always open to exceptions by creditors or others who are aggrieved.

If the practice were otherwise, and the trustee were permitted. at will to refuse to set aside the exemption, even though his action could be reviewed upon exception to the report, the exemption laws might as well be annulled, because no more effective way for the purpose of accomplishing this end could be devised, excepting an absolute revision of the law itself. If the trustee could arbitrarily refuse to set aside the scheduled exemption, few bankrupts would be able to press their claims by exceptions, or in any other manner, through the devious dilatory channels to final judgment, because, being in a bankrupt court, they are without means. The bankrupt is presumed to be entitled to the exemption which the law allows until it is otherwise judicially determined, and in this he has a right to be heard. A trustee is not a judicial officer. His functions and duties are merely administrative, and, when requested, the law commands him accordingly to set aside the exemption schedules, and in this he has no alternative.

[2] The trustee having refused to set aside the exempted property, as requested, it is now urged that under no circumstances is the referee permitted to allow him this property, or its remaining proceeds, which is tantamount to saying that because the trustee refused to heed the law, having arbitrarily denied the rights of the bankrupt, the referee, who is an officer of the court vested with certain judicial functions, is powerless to correct the wrong. This reasoning is not convincing. The bankrupt, having permitted his exempted property to be sold, availed himself of the only opportunity to obtain that which the law has reserved for him, and, having presented his claim to the referee, was very properly awarded the proceeds remaining. There are numerous authorities holding that when a bankrupt makes claim for his exemption in his schedules, as required by the statute, and the property is converted, he is entitled to be allowed the same out of the proceeds of the sale of his assets. See Lipman v. Stein, 14 Am. Bankr. Rep. 30, 134 Fed. 235, 67 C. C. A. 17; In re Sloan (D. C.) 14 Am. Bankr. Rep. 435, 135 Fed. 873; In re Le Vay (D. C.) 11 Am. Bankr. Rep. 114, 125 Fed. 990; In re Renda (D. C.) 17 Am. Bankr. Rep. 521, 149 Fed. 614.

The order of distribution entered by the referee is affirmed, and the exception dismissed.