In re IRVING.

(District Court, D. Arizona. February 16, 1915.)

No. B–90.

1. HOMESTEAD ☞83—PROPERTY CONSTITUTING HOMESTEAD—LEASEHOLD INTERESTS.

Under Civ. Code Ariz. 1913, par. 3288, providing that every head of a family residing within the state may hold as a homestead, exempt from attachment, execution, and forced sale, real estate not exceeding in value $4,000 and consisting of the dwelling house in which the claimant resides and the land on which it is situated, or land that the claimant shall designate in one compact body, where a lessee, under a lease giving him the privilege of removing all improvements, built on the leased premises a building in which he and his family resided and in which he also conducted a mercantile business, he was entitled to claim as a homestead the leasehold interest in the land with the building thereon.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 120; Dec. Dig. ☞83.]

2. BANKRUPTCY ☞396—EXEMPTIONS—APPLICATION OF STATE LAWS.

Though a claim of homestead filed with the county recorder prior to bankruptcy, in attempted compliance with Civ. Code Ariz. 1913, par. 3289, was not under oath as required by that section, and though a claim in due form, subsequently filed, was not so filed until after bankruptcy had intervened and the bankrupt had filed his original schedules, the homestead claim would not be denied, as the federal courts are not bound to follow the state courts with respect to the time of filing the declaration of the claim of exemptions, and in their discretion may allow claims of

exemption to be made by amendment after the original schedule has been filed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659-668; Dec. Dig. ☞396.]

In Bankruptcy. In the matter of Thomas George Irving, bankrupt. On review of an order of the referee disallowing a homestead exemption. Reversed.

Hayes & Laney, of Phœnix, Ariz., for bankrupt.
Lysander Cassidy, of Phœnix, Ariz., for creditors.

SAWTELLE, District Judge. Thomas George Irving was on the 18th day of March, 1914, by this court adjudged a bankrupt, and in due course the matter was referred to Fred A. Larson, Esq., one of the referees in bankruptcy. In due course the bankrupt filed his schedule, in which he claimed as exempt from the acts of Congress relating to bankruptcy the unexpired portion of the leasehold interest held by him in and to the property herein referred to and described. The referee's certificate on review herein recites:

"In Schedule B (5) of the debtor's petition, the debtor claimed as exempted from (by) the acts of Congress relating to bankruptcy, under and by virtue of the laws of the state of Arizona, the following described property, to wit: 'The unexpired portion of the leasehold interest held by petitioner under and by virtue of that written lease described as follows, to wit: Dated April 15, 1912, running for a period of five years from date thereof, in which Mrs. M. E. Sargent is lessor, and George Irving, the petitioner herein, is lessee, which lease reserves a rental of fifty dollars ($50.00) per annum; said rental having been paid to April 15, 1914, and demising that parcel of real property situated at Alhambra, Maricopa county, Arizona, and bounded and described as follows to wit: Beginning at a point on Grand avenue approximately 100 feet north of a lot owned by Henry Renaud, where a division fence forms an angle with the north edge of Grand avenue; running thence north 417 feet; thence west 417 feet to Grand avenue; thence along Grand avenue 490 feet to the place of beginning—containing approximately two acres. Said lease contains a covenant by lessor that lessee may remove all improvements placed upon the leased premises by him; and lessee has constructed a house thereon at a cost of sixteen hundred and thirty-eight dollars ($1,638.00).'

"On May 4, 1914, the trustee in the above-entitled matter filed his report of exempt property therein, in which he reported that the above-described leasehold interest had been designated and set apart by him to be retained by the bankrupt as exempt property. On May 24, 1914, the Standard Wooden Ware Company, one of the unsecured creditors in the above entitled matter, filed its 'Exceptions to Report of Trustee, Setting Off Exemptions,' which exceptions, so far as they appertain to the leasehold above mentioned, are based on the ground 'that neither said leasehold interest nor the improvements on the land covered by said lease are exempt under the laws of the state of Arizona, and that the said bankrupt is not entitled under such laws to have the said leasehold interest or the said improvements set apart to him as exempt.' On September 24, 1914, after both the excepting creditor and bankrupt had been fully heard upon said report of the trustee and the exceptions thereto, the referee made and entered an order 'that the leasehold interest described in the bankrupt's schedules, and claimed therein as exempt under the laws of the state of Arizona, is not exempt, and that the said leasehold is subject to the disposition of the trustee in bankruptcy of the above-entitled matter,' basing said order upon the provisions of chapter 1, title 20, Revised Statutes Arizona 1913, Civil Code.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The evidence introduced at said hearing showed that on February 13, 1914, Nellie Irving, the lawful wife of the bankrupt, made an attempt in good faith to secure as exempt to the family of herself and her husband, under the laws of the state of Arizona, the leasehold interest above described, together with all appurtenances thereunto belonging, by executing and recording in the office of the county recorder of Maricopa county, Ariz. a declaration of homestead as to said leasehold, but that the declaration so recorded was irregular, in that it was merely acknowledged, and not sworn to, as required by law. That on July 22, 1914, and immediately upon the said Nellie Irving's learning of the irregularity contained in the above-mentioned 'Declaration of Homestead,' she made out and recorded in the office of the county recorder of Maricopa county, Ariz., a claim of homestead as to said leasehold, which claim was regularly sworn to by her according to the laws of the state of Arizona. That at the date of the filing of the above-mentioned trustee's report of exempt property, and for more than a year prior thereto, the bankrupt was the head of a family, and resided, together with his abovementioned wife and their children, in the county of Maricopa, state of Arizona, in that certain house hereinafter mentioned, which is located upon the land demised under the above-mentioned lease. That said house had been constructed upon said land by the bankrupt, during the term of the above-mentioned lease. That the bankrupt, for more that a year prior to the date when the trustee filed his aforesaid report of exempt property, had conducted a retail mercantile business in the front part of said building, and had lived with his family as aforesaid in the rear portion of said building. That neither said bankrupt nor his said wife claim or hold any other homestead than the leasehold above mentioned. That said lease provides that if the lessee therein, the bankrupt herein, 'does not buy the place or renew the lease, he will have the privilege of removing all improvements except the well.' That said leasehold interest, together with all privileges thereunder, including the right to remove said building, are the community property of the bankrupt and his wife, Nellie Irving."

Said referee disallowed said homestead exemption, holding that:

"The leasehold interest described in the bankrupt's schedules, and claimed therein as exempt under the laws of the state of Arizona, is not exempt, and that the said leasehold is subject to the disposition of the trustee in bankruptcy of the above-entitled matter."

The questions presented on this review are:

(1) Whether this leasehold interest in the land above described, together with the store building and dwelling house combined, which has been constructed upon the same by the bankrupt as aforesaid, may be claimed as a homestead under the provisions of chapter 1, title 20, Revised Statutes Arizona 1913, Civil Code, and set apart to the bankrupt as exempt.

(2) Whether the bankrupt and his aforesaid wife have sufficiently complied with the laws of the United States appertaining to bankruptcy, and the laws of the state of Arizona appertaining to homestead exemptions, to entitle the bankrupt to have the above-described leasehold interest and all privileges thereunder set apart to him as a homestead.

[1] 1. Sections 3288, 3289, and 3290 (chapter 1, title 20), Revised Statutes Arizona 1913, Civil Code, are as follows:

"3288. Every person who is the head of a family, and whose family resides within this state, may hold as a homestead, exempt from attachment, execution and forced sale, real property to be selected by him or her, which homestead shall be in one compact body, not to exceed in value the sum of four thousand dollars, and shall consist of the dwelling house in which the claimant resides and the land on which the same is situated or of land that the claimant shall designate, provided the same is in one compact body.

"3289. Any person wishing to avail himself or herself of the provisions

of the foregoing section shall make out under oath his or her claim in writing. showing that he or she is the head of a family, and also particularly describing the land claimed and stating the value thereof; and shall file the same for record in the office of the county recorder in the county where the land lies.

"3290. The claim of homestead may be made by the husband, or by his wife, or by any unmarried person who is the head of a family."

I cannot believe that the Legislature of Arizona intended to deprive a citizen of the state of the benefits of the homestead laws merely because he does not own the fee in the land upon which he resides. As was said in the case of In re Emerson, 58 Minn. 450, 60 N. W. 23,

"The less the estate and interest the more important its preservation to the claimant and his family, and the greater the necessity for surrounding it with the defenses of the statute. Wilder v. Haughey, 21 Minn. 101."

It has been uniformly held that the exemption laws should be liberally construed.

"The spirit of the bankrupt law in the matter of exemptions is one of liberality, and, under facts as presented herein, the bankruptcy court will allow the. homestead exemption recognized by the state." In re Culwell (D. C.) 165 Fed. 828.

This question has been before the state Supreme Courts in several of the states, and it has been uniformly held that the benefits of a homestead law are not confined to an ownership in fee, but attach to the house and lot to which the debtor has such a term as may be sold on execution, and that a tenant for years is as clearly within the reason of the statute as the owner of a larger estate. See Anheuser-Busch Brewing Ass'n v. Smith (Tex. Civ. App.) 26 S. W. 94, Allen v. Ashburn et al., 27 Tex. Civ. App. 239, 65 S. W. 45, and In re Emerson, 58 Minn. 450, 60 N. W. 23, supra.

In 21 Cyc. 504, it is stated that:

"A homestead may be secured by a tenant for years in leasehold premises, unless the lease provides that the premises are to be used exclusively for business purposes, or unless the lessor also resides on the leased tract."

And this text seems to be supported by decisions of the state Supreme Courts of Alabama, Illinois, Iowa, Kansas, Michigan, Minnesota, Mississippi, Texas, and Wisconsin.

[2] 2. The federal courts are not bound to follow the state courts in the matter of the time of filing the declaration of the claim of exemptions. See In re Culwell, supra, and In re Fisher (D. C.) 142 Fed. 205, in both of which cases it is held that the federal court is not precluded in its discretion from allowing claims of exemption to be made by amendment after the original schedule has been filed, and in the Culwell Case, 165 Fed. 828, the court, in a well-considered opinion, said:

"I do not construe the Bankrupt Act as meaning that upon the trustee's qualifying the bankrupt is deprived of all right to perfect his homestead exemption, provided in his schedule she claims a designated piece of realty as a homestead and exempt, * * * without delay, and provided, always, there is no fraud involved in the matter of the claim. * * * Yet the act does not make it a precedent to having a homestead allowed to the bankrupt claiming the same in the bankruptcy court that the homestead shall have been designated, pursuant to the state statute, prior to the date of adjudication in bankruptcy. In re Friedrich, 100 Fed. 284, 40 C. C. A. 378,

If the bankrupt has expeditiously and in good faith made his declaration, following the claim in the schedule, the property is exempt and cannot be retained for administration."

In the case of In re Fisher, 142 Fed. 205, supra, the court said:

"The sole question raised by the petition for review is as to the propriety of allowing the claim of homestead as to this interest in the real estate mentioned, and the ground of objection to allowing it is delay in perfecting the claim under the state law and in claiming the exemption in the bankruptcy proceeding. * * * In so far as the strictly regular time and manner of asserting in the bankruptcy court the claim of exemption is concerned, section 7, cl. 8 [Comp St. 1913, § 9591], is the guide. But I regard this as directory, and, taken in connection with the express right of allowing amendments (Act July 1, 1898, c. 541, par. 39, 30 Stat. 555 [Comp. St. 1913, § 9623]; Gen. Order XI [89 Fed. vii, 32 C. C. A. vii]), there is clearly some discretion in the bankruptcy courts to allow claims of exemption to be made after the original schedules have been filed. The very slight delay in filing the homestead deed and the amended schedules in the case at bar is satisfactorily explained, and no good reason occurs to me for denying the claim of the homestead in question. The mere qualification of the trustee did not 'subject' the property 'under legal process.' * * * The action of the referee in granting the bankrupt leave to file amended schedules was proper, and is affirmed."

The Supreme Court of the state of Arizona, in the case of Wilson v. Lowry, 5 Ariz. 335–341, 52 Pac. 777, 779, in construing the exemption laws of said state, has held that:

"It is the well-settled policy of the courts to liberally construe those humane and beneficent provisions of the law exempting certain property from execution for the payment of debts. The state has an interest in protecting families, and especially helpless children, against pauperism, and securing to them the means of reasonable comfort and education."

Reading the Arizona statute in the light of this case and the cases hereinbefore referred to, I see no good reason why the bankrupt's claim of a homestead should be disallowed.

The action of the referee in this case is reversed.